## CLARK *v.* THE TOWN OF NOBLESVILLE ET AL.

INJUNCTION.—*Practice.*—*Demurrer.*—When in a suit for an injunction a demurrer has been sustained to the entire complaint, and the applicant refuses to amend and permits judgment to go on demurrer, there is nothing left to support an injunction, and it is not error for the court to dissolve the temporary injunction previously granted.

TOWN.— *Tax.*— *Time of Levy.*—The board of trustees of an incorporated town has no power to order the assessment and levy of taxes for the current year, after the third Tuesday of May; and a special tax must be levied " at the same time and in the same manner as other taxes are levied;" and either a tax for general corporation purposes or a special tax levied after the third Tuesday of May is illegal and void.

SAME.—*Statute.*—Section 30, 1 G. & H. 626, requiring tax levies in incorporated towns to be made before the third Tuesday in May, has not been repealed.

SAME.—*Power to Borrow Money.*—In incorporated towns, petitions from property owners are not necessary to authorize the board of trustees to issue bonds to procure money with which to build school-houses.

SAME.— *Constitutional Law.*—The act of March 11th, 1867, entitled " an act to authorize cities and towns to negotiate and sell bonds," etc., is not in conflict with section 21 of article 4 of the constitution of Indiana.

From the Hamilton Circuit Court.

*D. C. Chipman,* for appellant.

*J. Stafford,* for appellees.

BUSKIRK, J.—This was an action by the appellant against the appellees, to enjoin the collection of certain taxes levied by the trustees of the town of Noblesville, for general corporation purposes, and a special levy for the purpose of paying the interest upon certain bonds issued by said town to procure money with which to erect a school-house.

The complaint originally consisted of three paragraphs, but a demurrer was sustained to the second and the third paragraphs, and appellant excepted. The appellant afterward asked and obtained leave to file an amended first paragraph. Upon the filing of such amended paragraph, the court sustained a demurrer thereto, to which ruling the appellant objected and excepted, and failing to plead further, final judgment was rendered for the appellees. Upon the

filing of the original complaint, the court granted a tempo-
rary injunction. Upon sustaining the demurrer to the whole
complaint, the court dissolved the injunction, and this ruling
is assigned for error. There was no error in this ruling.
When the demurrers were sustained to each paragraph of
the complaint, and the appellant refused to amend, but per-
mitted judgment to go on demurrer, there was nothing to
support an injunction.

The objection urged, in the first paragraph of the com-
plaint, to the validity of the taxes sought to be enjoined is,
that the levy was not made within the time prescribed by the
statute. It is alleged in such paragraph, that the trustees of
said town met on the 6th day of May, 1870, and determined
to raise by taxation nineteen hundred dollars for general
corporation purposes, and nineteen hundred dollars as a
special school tax to meet the interest on the bonds hereto-
fore issued by the corporation to build a school-house in the
town of Noblesville; and that the said trustees afterward,
to wit, on the 20th day of May, 1870, met and ordered that
there should be levied, for general corporation purposes, the
sum of thirty-five cents on the one hundred dollars of the
assessment roll and twenty-five cents on each poll; and that
there should also be levied on the one hundred dollars of the
assessment roll thirty-five cents, and fifty cents on each poll,
to meet the interest on school-house bonds as a special school-
house tax, bonds being issued 28th of April, 1870, and the
clerk was ordered to make out the duplicate of the assess-
ment roll with said levy extended.

The objection urged is, that the board of trustees was
required to determine the amount of the general tax for the
current year before the third Tuesday in May in each year,
which was, for the year 1870, on the 17th day of May, and
that not having made the levy before that time, they pos-
sessed no power to do so afterward.

The point under consideration is in all respects the same
as that of *The Town of Williamsport* v. *Kent*, 14 Ind. 306;
in which case it was held, that the words "determine the

amount of general tax for the current year," mean the final determination of the board as to the amount, assessment, and levy of taxes for the current year, and that the board had no power to order the assessment and levy after the third Tuesday of May.    The ruling in the above case was followed in the case of *Huntsman* v. *City of LaPorte*, 15 Ind. 357.

It is insisted by counsel for appellee, that the levy of the special tax to pay interest on the school-house bonds is not governed by the above recited act, but by the act of March 11th, 1867, authorizing cities and towns to issue bonds to procure money with which to build school-houses, etc., and the amendment thereto, approved April 27th, 1869.    See Acts 1867, p. 24, and Acts 1869, p. 33.

The third section of the act of 1867, so far as the same relates to the time and manner of levying the tax, reads as follows :

"SEC. 3.  In addition to the levying the tax by cities or incorporated towns for general purposes now authorized by law, the common council of any such cities, and board of trustees of any such incorporated towns, as shall avail themselves of the provisions of this act, are hereby authorized and required to levy annually a special additional tax, at the same time and in the same manner as other taxes of such city or town are levied, sufficient to pay the interest and principal of said bonds falling due, which additional special tax shall be collected as other taxes of such city or town are collected."

By the above quoted section, it is expressly provided that the special additional tax shall be levied "at the same time and in the same manner as other taxes of such city or town are levied."

As we have seen, the taxes for general corporation purposes must be levied before the third Tuesday in May in each year, and as the special additional tax has to be levied at the same time and manner as the general tax, the levy for both purposes was illegal and void.

It is also insisted by counsel for appellees, that section 30

of the act for the incorporation of towns, which requires the levy to be made before the third Tuesday in May of each year, was repealed by an act of March 5th, 1857. See 1 G. & H. 627. It is stated by counsel that the act last above cited was supposed to be unconstitutional because the original section and the section as amended were not set forth, but that under the present ruling of this court, such act is constitutional.

Counsel for appellees seems to have overlooked the fact that the legislature of 1867 passed the following act:

"SECTION 1. Be it enacted by the General Assembly of the State of Indiana, that all laws heretofore passed not in conformity with the ruling of the Supreme Court of this State in the case of *Langdon* v. *Applegate* and others, reported in the fifth volume of the Indiana Reports, on page 327, are hereby repealed.

"SEC. 2. All actions arising out of or for a violation of any law repealed by this act, shall be commenced within ninety days from the passage of this act, and not afterwards.

"SEC. 3. An emergency existing for the immediate taking effect of this act, the same shall be in force from and after its passage."

See Acts 1867, p. 204; *Greencastle, etc., Co.* v. *The State, ex rel. Malot*, 28 Ind. 382.

The above act repeals all laws theretofore passed not in conformity with the ruling of this court in the case of *Langdon* v. *Applegate*, reported in 5 Ind. Reports, which included the act of March 5th, 1857.

We are of the opinion that the board of trustees of the town of Noblesville possessed no power to make the levy in question, on the 20th day of May, 1870, because it was after the third Tuesday of that month, and that such levy was illegal and void, and that the court erred in sustaining the demurrer to the first amended paragraph of the complaint. *The State, ex rel. Evans,* v. *McGinnis,* 34 Ind. 452; *Parker* v. *Overman,* 18 How. (U. S.) 137.

In the second paragraph of the complaint, the injunction

was sought upon the ground that the loan made and the bonds issued to procure money with which to erect a school-house, were illegal and void, because five-eights of the citizens, owners of five-eighths of the taxable property of the town, did not petition the board to make such loan as required by the 27th section of the act for the incorporation of towns. 1 G. & H. 626.

We are of the opinion that section 27 of the above act was repealed by implication by the passage of an act approved March 11th, 1867, entitled,

"An act to authorize cities and towns to negotiate and sell bonds, to procure means with which to erect and to complete unfinished school buildings and pay debts contracted for erection of such buildings, and authorizing the levy and collection of an additional special school tax for the payment of principal and interest of such bonds;" and by the passage of an act, approved May 15th, 1869, to amend the first section of the above recited act. The section as amended reads as follows:

"SECTION 1. Be it enacted by the General Assembly of the State of Indiana, that section first of the above named act be and the same is hereby amended, so as to read as follows:

"SEC. 1. That any city or incorporated town in this State which shall, by the action of its school trustee or trustees, have purchased any ground and building, or buildings, or may hereafter purchase any ground and building, or buildings, or have commenced or may hereafter commence the erection of any building or buildings for school purposes, or which shall have, by its school trustee or trustees, contracted any debts for the erection of such building or buildings, or the purchase of such ground and building or buildings, and such trustee or trustees shall not have the necessary means with which to complete such building or buildings, or to pay for the purchase of such ground and building or buildings, or pay such debt, may, on the filing by the school trustee or trustees of said city or incorporated town, of a report under oath, with the common council of such city, or the board of

trustees of such incorporated town, showing the estimated or actual cost of any such ground and building, or buildings, or the amount required to complete such building or buildings, or purchase such ground and building, or buildings, or the amount of such debt, on the passage of an ordinance authorizing the same, by the common council of said city, or the board of trustees of such incorporated town, issue the bonds of such city or town to an amount not exceeding in the aggregate thirty thousand dollars, in denomination not less than one hundred nor more than one thousand dollars, and payable at any place that may be designated in the bonds, the principal in not less than one year nor more than twenty years after the date of such bonds, and the interest annually or semi-annually, as may be therein provided, to provide the means with which to complete such building or buildings, or to pay for the purchase of such ground and building or buildings, and to pay such debt; and such common council, or board of trustees may, from time to time, negotiate and sell as many of such bonds as may be necessary for such purpose in any place, and for the best price that can be obtained therefor in cash: *Provided,* That such bonds shall not be sold at a price less than ninety-four cents on the dollar."

By the above section, the common council of cities and the board of trustees of incorporated towns are authorized to issue the bonds of such city or town without a petition signed by five-eighths of the citizen owners of such town petitioning therefor. The two enactments are in conflict with each other, and can not both stand and have effect given to them. The last act, therefore, by implication, repeals the former so far as it relates to the issuing of bonds by incorporated towns for the purposes specified in the said act, but this leaves said section 27 in full force except so far as it may be repealed by the above act. *Coghill* v. *The State,* 37 Ind. 111.

The injunction was asked in the third paragraph of the complaint, upon the ground that the above recited act

(approved March 11th, 1867) was in conflict with the 21st section of article 4 of the Constitution of Indiana, which prohibits the legislature from passing local or special laws.

It is claimed that the above act is both local and special. We do not think so. In our opinion the act is constitutional. We do not deem it necessary to give our reasons at length. The question was fully considered in *Palmer* v. *Stumph*, 29 Ind. 329, and in *The Lafayette, etc., R. R. Co.* v. *Geiger*, 34 Ind. 185 ; *Groesch* v. *The State*, 42 Ind. 547.

In our opinion, the court below correctly sustained the demurrers to the second and third paragraphs of the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the first amended paragraph of the complaint, and for further proceedings in accordance with this opinion.