UNITED STATES *ex rel.* SPITZER *et al. v.* TOWN OF CICERO.

*Circuit Court, D. Indiana.* December 31, 1889.)

1. TOWNS—TAXATION—STATUTES—CONSTRUCTION—MANDAMUS.

Rev. St. Ind. 1881, § 3333, cl. 15, confers upon incorporated towns the power "to levy and collect annual taxes, not to exceed fifty cents on the hundred dollars valuation, and twenty-five cents poll-tax, on all property subject by law to taxation." Section 3348 provides that "the board of trustees shall, before the third Tuesday in May of each year, * * * determine the amount of general tax for the current year;" and section 3349 that, "when the assessment roll shall have been corrected and completed, the trustees shall levy a tax upon the taxable property of said town to such an amount as they may deem necessary," etc. *Held,* that these provisions, being originally all parts of the same enactment, were to be read together, and, while under section 3349 the board shall annually levy a tax to such an amount as they deem necessary, the levy must be within the limits prescribed in clause 15 of section 3333.

2. SAME.

The power given in clause 17 of section 3333, "to complete school-houses now in progress of erection, and provide for the payment of the same, to erect or provide such school-houses as may be necessary for the use of the schools of the town, to keep them in repair," etc., is not inconsistent with the limits prescribed in clause 15 of said section.

3. SAME—IMPLIED POWER.

A grant of power to a municipal corporation to incur indebtedness does not necessarily carry with it an implication of power to levy taxes sufficient to meet the obligation when due.

4. SAME—OMISSION TO MAKE LEVY—RIGHTS OF BONDHOLDERS.

The fact that in some of the years past a town has omitted to levy the special tax provided for in a legislative act, to pay the bonds of the town, does not give the bondholders the right to have such omissions made good by *mandamus,* if they acquiesce in the omission to make the levies.

5. SAME—WAIVER IN BOND OF APPRAISEMENT LAWS.

A promise to pay contained in municipal bonds, "without relief from the valuation or appraisement laws of the state," is a mere waiver by the debtor of the benefit of valuation or appraisement in case the obligation shall be enforced by execution at law, and cannot be construed to require levies for payment of the bonds to be made upon the same valuation that existed in the town when the bonds were issued.

6. SAME—RECITALS IN MUNICIPAL BONDS—LAW AND FACT.

Recitals in municipal bonds are binding only in respect to matters of fact, and not in respect to matters of law, of which all are bound to take cognizance.

In Equity. Application for *mandamus.*

*Sanders & Bowers,* for relators.

*L. O. Clifford* and *Kane & Davis,* for defendant.

Woods, J. The relators have a judgment for $3,495.66 and costs against the town of Cicero, rendered on the 12th day of December, 1888, and now ask an order to compel the levy of taxes, with the proceeds of which the judgment shall be paid. The judgment referred to was rendered upon bonds of the town dated March 1, 1877, which contain this recital:

"This bond is one of a series of $13,358.53, authorized by an ordinance passed by the board of trustees the 17th day of February, 1877, in pursuance of an act of the state of Indiana approved March 8th, 1873. The authority will also be found in the Revision of 1876: 'An act to authorize cities and towns to negotiate and sell bonds, to procure means with which to erect and complete unfinished school buildings, and to purchase any ground and building for school purposes, and to pay debts contracted for such erection and completion, and purchase of buildings and grounds, and authorizing the levy and collection of an additional special school tax for the payment of such bonds.'"

This recital refers to a single act of the legislature,—that approved March 8, 1873,—which is found in the Revision of 1876, vol. 1, pp. 343–345. It authorizes and requires an additional tax levy, which "shall not, in any one year, exceed fifty cents on any one hundred dollars of taxable property, and one dollar on each poll." This series of bonds, it appears, was issued for the purpose of raising means with which to pay a prior issue put out by the town in 1872, containing the following recital:

"This bond is one of a series of $10,000, authorized by the said town by an ordinance passed by the board of trustees thereof on the 11th day of December, 1871, and by an amendment thereto passed on the ——— day of February, 1872, for the purpose of erecting school-houses in the said town, and in pursuance of an act of the general assembly of the state of Indiana approved March 11th, 1867, and an amendment thereto approved May 15, 1869, authorizing cities and towns to negotiate and sell bonds for the purpose of erecting school buildings," etc.

No objection has been made, or probably could be, to the validity of either series of bonds, and reference to their origin was necessary only for the purpose of determining what powers of taxation the town has in order to procure means for their payment. By section 27 of the act of June 11, 1852, the same as section 3342 of the Revised Statutes of 1881, the general power of towns to borrow money is put under certain restrictions; and for debts created in the manner prescribed in that section it is required that "the trustees shall add to the tax duplicate of each year, successively, a levy sufficient to pay the annual interest on such debt or loan, with an addition of not less than five cents on the hundred dollars to create a sinking fund for the liquidation of the principal thereof." But the power of taxation thus conferred is not available to the relators, because their demand arose under later enactments, by force of which, in respect to the subjects embraced in them, section 27 (3342) was repealed. *Clark* v. *Noblesville*, 44 Ind. 83; *Merrill* v. *Monticello*, 22 Fed. Rep. 589.

The inquiry, therefore, must be, what powers outside of this section (27) has the town to levy taxes for the payment of this demand, which

it has failed and refused to employ?   In the original act for the incorporation of towns, under the constitution of 1851, approved June 11, 1852, (1 Revision 1876, p. 874,) the express powers conferred are enumerated in section 22, and among them the following, which are pertinent here:

"*Fifteenth.* To levy and collect annual taxes, not exceeding fifty cents on the hundred dollars valuation, and twenty-five cents poll-tax, on all property subject by law to taxation."

"Sec. 30, [of the same act.]   The board of trustees shall, before the third Tuesday in May of each year,   * * *   determine the amount of general tax for the current year."

"Sec. 33. When the assessment roll shall have been corrected and completed, the trustees shall levy a tax upon the taxable property of said town to such an amount as they may deem necessary," etc.

By the act of March 1, 1877, section 22 was amended to read as it now appears in section 3333 of the Revised Statutes of 1881,—one of the amendments consisting in an addition to clause 15 of words conferring a power to tax dogs, and not otherwise changing the clause,—but sections 30 and 33, appearing in the Revised Statutes of 1881 as sections 3348 and 3349, remain unchanged.   It is conceded that the tax of 50 cents on the $100 valuation, and the poll and dog taxes authorized by clause 15 of section 22, (3333, Rev. St.,) and the special tax authorized by the act of March 8, 1873, under which the bonds were issued upon which the relators obtained judgment, have been regularly levied and collected; but the relators contend that, under sections 3348 and 3349, the trustees have a general power, in their discretion, limited only by the necessities of the situation, to make levies for the payment of valid indebtedness.   The court is not able to adopt this construction of the statute. If there were any inconsistency or conflict between clause 15 of section 3333 and sections 3348 and 3349, the first, as it stands in the Revised Statutes, is the later enactment, and consequently controlling.   But there is no conflict.   These provisions, being originally all parts of the same enactment, were to be read together, and the subsequent amendment of section 22 (now 3333) does not affect that proposition.   Accordingly, while, under section 3349, the board shall annually levy a tax   * * *   to such an amount as they may deem necessary," the levy must be within the limits prescribed in the fifteenth clause of section 3333.

Reference has been made in argument to the power given, in clause 17 of section 3333, "to complete school-houses now in progress of erection, and provide for the payment of the same, to erect or provide such school-houses as may be necessary for the use of the schools of the town, to keep them in repair," etc.; and it is argued that these powers, given in unrestricted terms, are inconsistent with the proposition that the entire taxing power was intended to be confined to the limits prescribed in the fifteenth clause.   But this could be said with equal force in respect to the other powers granted, the exercise of which would involve expenditure. For instance, the power given in the eighteenth clause, "to construct all necessary wharves and landings," etc.   If the limitation in clause 15 means anything, it means that all the powers granted in that act must be exercised with reference to that limitation, or by means of credit obtained

under section 27, (3342,) which, as already explained, is not applicable to the relators' demand.

It is not true, as counsel contend, that a grant of power to a municipal corporation to incur indebtedness necessarily carries with it an implication of power to levy taxes sufficient to meet the obligation when due. It is certainly not so when, as in this case, the general taxing power is limited, and the act under which the obligation was incurred confers a special power of taxation, which is also limited. The question is fully covered by the decisions of the supreme court in *U. S.* v. *Macon Co.,* 99 U. S. 582, and *Ralls Co. Court* v. *U. S.,* 105 U. S. 733. Such situations are often met by new loans, under a power granted to renew or to fund existing liabilities, and it may be that the defendant town has such power,—a question which does not arise here,—but that it has not the power of taxation asserted by the relators seems clear.

The recital in the bond, it is contended, constitutes an estoppel against the denial of authority; but if the recital purported to contain an assertion of authority, except as given in the act referred to,—and it certainly does not purport to assert more,—it would be ineffective. Recitals in such instruments can be binding only in respect to matters of fact, and not in respect to matters of law, of which all alike are bound to take cognizance. Authority in support of this proposition need not be cited; certainly none can be cited against it.

It is suggested that in some of the years past the town has omitted to levy the special tax provided for in the act of 1873, and that the relators have the right now to have those omissions made good. I do not find that the record presents this question, but in the absence of a showing that the omissions were not acquiesced in by the creditor at the time, and timely steps taken to enforce literal compliance with the statute each year, which were defeated by reason of the "delays of the law" or other cause beyond the control of the creditor, such remedy, as it seems to me, is not allowable, even if it could be had under any circumstances. The general rule seems to be that the courts will compel, and can compel, the exercise of only the powers given by statute, and the express words of this statute are that the special tax "shall not in any year exceed 50 cents," etc.; and so it would seem that if a creditor in any year permits,—certainly, I think, if he acquiesces in,—an omission of the levy, there can be no recovery by *mandamus* of the lost ground.

The obligations upon which the relators obtained judgment contain a promise to pay, "without relief from the valuation or appraisement laws of the state of Indiana," and on the strength of this the relators insist that they are entitled to have the tax levies allowed by law made upon the same valuation of property which existed in the town when the bonds were issued. This expression is the one commonly used in promissory notes and other obligations made in Indiana, or with reference to the laws of the state, whereby the debtor waives the benefit of valuation or appraisement in case the obligation shall be enforced by execution at law; and as used in municipal bonds it has never been supposed, I think, that the expression had any other significance. It may be that a sale of mu-

nicipal property upon execution cannot be had, but, nevertheless, the clause is not without force in the bond, in case relief should be sought against an indorser. Besides, by the same statutes which give corporate existence and powers to the town, and authorize the incurring of liabilities like those in judgment, provision is made for stated valuations of property, upon which the tax levies authorized are required to be made, and upon any other basis there is no authority for any levy whatever. It follows that the relators are not entled to relief in this action.