UNITED STATES *ex rel.* SPITZER *et al. v.* TOWN OF CICERO.

*(Circuit Court of Appeals, Seventh Circuit. March 8, 1892.)*

**1. TOWNS—TAX LEVY—INTEREST ON BONDS.**
Act Ind. March 11, 1867, authorized corporated towns to raise money by issuing bonds, and to levy an annual tax in addition to the levy for general purposes, not exceeding 50 cents on each $100 worth of taxable property and $1 on each poll, to pay for the same. Act June 11, 1852, authorized town trustees to levy an annual tax for general purposes, not exceeding 50 cents on each $100 of taxable property and 25 cents on each poll. Act 1852, § 30, provides that town trustees shall levy a tax "to such an amount as they may deem necessary." *Held,* that a town which had levied and properly applied the full amount of taxes authorized by the first two statutes aforesaid could not be compelled to make any additional levy to pay a judgment recovered for interest on bonds issued under the first act.

**2. SAME.**
Act Ind. 1852, § 27, which provides that town trustees shall add to the tax duplicate of each year a levy sufficient to pay the annual interest on, and create a sinking fund for any debt contracted upon petition of the citizen owners of five-eighths of the taxable property of the town, does not authorize the levy of a tax to pay interest on bonds issued under a different statute, and not on petition of property owners.

Error to the Circuit Court of the United States for the District of Indiana.

Petition for *mandamus,* on the relation of Spitzer & Co., to compel the town of Cicero to levy a tax for the payment of certain judgments. The application was denied, and the relators bring error. Affirmed.

*Sanders & Bowers,* (*A. W. Hatch,* of counsel,) for plaintiffs in error.

*L. A. Clifford, Theo. P. Davis,* and *Thomas J. Kane,* for defendant in error.

Before GRESHAM, Circuit Judge, and BLODGETT and JENKINS, District Judges.

GRESHAM, Circuit Judge. In 1872 the respondent issued its coupon bonds, amounting to $10,000, to raise money with which to erect school buildings. In 1877 the debt was refunded by issuing other bonds, on part of which the relators obtained two judgments in the court below, one in 1888 and the other in 1890. In March, 1891, the relators made application for a writ of *mandamus* to compel the respondent to levy a tax for the payment of these judgments. The application was denied, and the relators sued out this writ of error.

Each of the first issue of bonds recited that this—

"Is one of a series of bonds of $10,000, authorized by the town, by an ordinance passed by the board of trustees thereof, on the 11th day of December, 1871, and by an amendment thereto, passed on the —— day of February, 1872, for the purpose of erecting school-houses in said town, in pursuance of an act of the general assembly of the state of Indiana approved March 11, 1867, and an amendment thereto approved May 15, 1869, authorizing cities and towns to negotiate and sell bonds for the purpose of erecting school buildings."

Each of the last issue recited—

"That this bond is one of a series of $13,358.53, authorized by an ordinance passed by the board of trustees the 17th day of February, 1877, in pursuance of an act of the general assembly of the state of Indiana approved March 8, 1873. The authority will also be found in the Revision of 1876. An act to authorize cities and towns to negotiate and sell bonds to procure means with which to erect and complete unfinished school buildings, and to purchase ground and buildings for school purposes, and to pay debts contracted for such erection and completion, and purchase such buildings and grounds, and authorizing the levy and collection of an additional school tax for the payment of such bonds."

A municipality cannot be compelled to levy a tax in excess of the limit prescribed by legislative authority; and if the respondent exercised the full power conferred on it by the statutes in force when the relator's bonds were issued, and its power was not enlarged by subsequent statutes, the judgment of the court below must be affirmed. Section 1 of the act of 1867 (the first act referred to in the bonds of the first issue) authorized corporated towns to raise money by issuing bonds not exceeding $30,000, to pay for the construction of school buildings, and section 3 of the same act made it the duty of the town trustees to levy an annual tax, in addition to the levy for general purposes, not exceeding 50 cents on each $100 of taxable property, and $1 on each poll, to pay the interest and principal of such bonds. The act of 1869, and the other act referred to in the bonds of the first issue, amended the act of 1867 in particulars not necessary to be noticed. Clause 15 of section 22 of an act for the incorporation of towns, approved June 11, 1852, authorized town trustees to levy and collect an annual tax for general purposes, not exceeding 50 cents on each $100 of taxable property, and 25 cents on each poll. The refunded bonds were issued under an act of March 8, 1873, which authorized towns to issue bonds not exceeding, in the aggregate, $50,000, to pay for land and the erection of school buildings thereon, and to levy a special school tax for the payment of the same, not exceeding the limit prescribed in the act of 1867. By an act passed

March 1, 1877, clause 15 of section 22 of the act of 1852 was amended by conferring power on towns to tax dogs. These are the only statutes under which the respondent was authorized to raise revenue to pay the interest and principal of either issue of bonds, and it is not disputed that from 1889 to 1891, inclusive, the full limit of the taxing power therein conferred was exercised, and the revenue thereby raised properly applied. Section 30 of the act of 1852 provides that, before the third Tuesday in May of each year, the town trustees shall declare the amount of general tax to be levied for the current year; and the succeeding section provides that, when the assessment roll is completed, the trustees shall levy a tax upon the taxable property "to such an amount as they may deem necessary." It is urged that these sections authorized the respondent to make levies sufficient to meet its liabilities, including the two judgments obtained by the relators. This position is untenable. These sections must be construed in connection with clause 15 of section 22 of the same act, which limits the taxing power as stated.

It is also urged that section 27 of the act of 1852 conferred unrestricted power on towns to make levies to pay their just debts. That section reads:

"No incorporated town, under this act, shall have power to borrow money, or incur any debt or liability, unless the citizen owners of five-eighths of the taxable property of such town, as evidenced by the assessment roll of the preceding year, petition the board of trustees to contract such debt or loan; and such petition shall have attached thereto an affidavit, verifying the genuineness of the signatures of the same; and for any debt created thereby the trustees shall add to the tax duplicate of each year successively a levy sufficient to pay the annual interest on such debt or loan, with an addition of not less than five cents on the hundred dollars, to create a sinking fund for the liquidation of the principal thereof."

This section conferred power on towns to raise revenue to pay the interest and principal of a particular class of bonds, namely, bonds issued on petition of the citizen owners of five-eighths of the taxable property. Neither the refunded bonds, upon part of which the two judgments were obtained, nor the original bonds, which were issued in 1873, were of that class. They were issued under different statutes, and not on petition of property owners. Moreover, so much of section 27 as conferred power on towns to issue bonds, and perhaps all of it, was repealed by the act of 1867. *Clark* v. *Noblesville*, 44 Ind. 83. The relators have been deprived of no right. They were bound to take notice of the limitations upon the power of the respondent to levy and collect taxes for the prompt payment of the interest and principal of the debt, and they must be held to have bought their bonds knowing just what provision had been made for their payment. They took the chance of that provision being ample, and it is their misfortune that it is not. *U. S. v. County of Macon*, 99 U. S. 582. Judgment affirmed.