May Term,
1860.

THE TOWN OF
WILLIAMS-
PORT, &C.
v.
KENT.

*W. Herod* and *S. Stansifer*, for the appellee.

14 306
144 275
144 513

---

THE TOWN OF WILLIAMSPORT and BUEL, Treasurer of
*Warren* County, *v.* KENT and Another.

The trustees of a town have no power under the statute to assess and levy the
corporation tax for the year, after the third *Tuesday* in *May*.

Where a power is given to a corporation by statute, and a time fixed within
which the power must be exercised, the power fails at the expiration of the
time.

Tuesday,
June 5.

APPEAL from the *Warren* Court of Common Pleas.

DAVISON, J.—This was a complaint by the appellees,
who were the plaintiffs, for an injunction against the ap-
pellants, who were the defendants. The object of the suit

was to enjoin the town of *Williamsport* from collecting a corporation tax assessed against the plaintiffs.

Plaintiffs allege that the trustees of said town levied the tax in question, and delivered their duplicate containing said tax, to the county auditor, who entered it upon his duplicate, and that *Buel*, the county treasurer, is proceeding to collect the tax so levied, &c. It is averred that that tax was not levied according to law, in this, that it was levied on the 21st of *July*, 1855, when the statute then in force required all such taxes to be levied prior to the third *Tuesday* in *May*, in each year; and further, the same was levied by said trustees to pay interest upon a debt created by them for the purchase of a building known as the county seminary, which debt was created by said trustees without authority of law, &c.

Defendants demurred to the complaint; but their demurrer was overruled, and thereupon they filed an answer alleging that said trustees, before the third *Tuesday* of *May*, 1855, determined upon the amount of taxes to be assessed for that year, and directed the assessor to assess the property in said town, and make return by the second *Tuesday* in *June;* that they caused notice to be given that on the 19th of *June*, 1855, they would hear all objections to the assessment, and they aver that on said day the plaintiffs appeared, and had the assessment, as to them, corrected and reduced, and that upon all such objections having been heard and disposed of, the trustees levied a tax upon all the taxable property of said town, the plaintiffs' property included, of 37½ cents on the 100 dollars, and 25 cents on each poll. It is averred that this tax was assessed and levied for town purposes, and not to purchase a building known as the county seminary, or to pay interest on a debt incurred for such purpose.

The issues were submitted to a jury, who found a general verdict for the plaintiffs, and also specially, as follows: " That the town of *Williamsport* was incorporated in the spring of 1854; and on the 14th of *May*, 1855, the board of trustees of the town determined upon the amount of the general tax for the current year; that the corporation

May Term,
1860.

THE TOWN OF
WILLIAMS-
PORT, &C.
v.
KENT.

assessor returned the assessment rolls to the trustees on the 19th of *June*, 1855, and on the 21st of *July* following, they levied the tax for that year." The jury also found that the corporation has contracted for the county seminary without any petition from the tax-payers, and that the tax for 1855 was levied, in part, to provide for that contract."

Upon the return of the verdict, the defendants moved for a new trial; but their motion was overruled, and judgment rendered for the plaintiffs.

The several orders of the board of trustees relative to the amount, assessment, and levy of the tax in question, are in these words:

"*May* 14, 1855. The board proceeded to determine the amount of general tax, and on motion it was ordered that there shall be levied the sum of 500 dollars for the current year, and that the assessor shall assess all property in the town of *Williamsport* liable to taxation, and return his assessment roll on or before the second *Tuesday* of *June*, 1855.

"*June* 19, 1855. The board met and examined the assessment roll, and corrected it.

"*July* 21, 1855. Ordered by the board, that there shall be 37½ cents levied on each 100 dollars of taxable property in the town of *Williamsport* for town purposes, and 25 cents on each poll in said town, for like purposes, for the year 1855."

In view of these orders, the taxes levied could be applied to no other than ordinary town purposes. Hence, the inquiry arises, were they, for such purposes, legally assessed and levied?

The act for the incorporation of towns, &c., declares that "the board of trustees shall, before the third *Tuesday* in *May* of each year after the town shall have been incorporated, determine the amount of general tax for the current year; but the tax for the year in which the town is incorporated, may be determined at any time by the board of trustees."

Here, the evidence shows that the town of *Williamsport*

was incorporated in the spring of 1854, but the tax, in this instance, was not levied until the 21st of *July*, 1855. It therefore becomes necessary to inquire whether the board of trustees had power to levy it after the third *Tuesday* in *May*. As we construe the provision to which we have referred, the words "determine the amount of general tax for the current year," mean the final determination of the board as to the amount, assessment, and levy of taxes for the current year. And this construction being correct, it follows that the board had no power to order the assessment and levy, in this case, after the third *Tuesday* of *May*.

It is said in argument that the time designated is merely directory; that the statute contains no negative words inhibiting the trustees from making the levy afterwards; and that the tax was, therefore, duly levied. We think otherwise. It may be laid down as a general rule, that "where a power is given by statute to a corporation, and a time fixed within which that power shall be exercised, it must be executed within that time or the power is gone."

And to this rule, the present case is not, in our opinion, an exception. The result is, the board of trustees, after the third *Tuesday* of *May*, 1853, had no power, under the statute, to order the assessment and levy of taxes for ordinary town purposes for the current year, and that the plaintiffs are not, therefore, liable for the tax thus levied on their property.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Chandler*, for the appellants.

*J. R. M. Bryant*, for the appellees.