Worley v. Harris et al.

No. 9307.

## WORLEY v. HARRIS ET AL.

TOWN.—*Incorporation.*—*Taxes.*—*Injunction.*—*Complaint.*—A complaint to enjoin the collection of taxes levied by a town which had attempted to become incorporated under the general law of 1852 for that purpose, alleged as the basis for relief, that no accurate survey and map of the territory to be embraced had been made, and that the trustees had not, before the third Tuesday of May, determined the amount of general tax for the current year.

*Held*, that the complaint was bad.

SAME.— *Waiver of Irregularities in Incorporation.*—*Prescription.*—The exercise of corporate powers for twenty years over a defined territory, with the knowledge of the public, no question having been made as to its authority, is a waiver of irregularities in its organization and cures inaccuracies in the original survey and map, and is conclusive evidence of its incorporation.

SAME.—*Time of Levy of Taxes.*—*Statute Construed.*—The requirement of section 3348, R. S. 1881, that the amount of general taxes shall be determined by incorporated towns before the third Tuesday of May, is, by section 3262 (a later statute), changed by necessary implication. "Determine," as used in section 3348, means to assess and levy, and this can not now be done until the county board of equalization has acted.

TAXES.—*Injunction.*—*Complaint.*—A complaint to enjoin the collection of taxes, which fails to aver that such taxes have been placed upon the duplicate, and that it is in the hands of the proper officer for collection, is bad.

From the Monroe Circuit Court.

*W. C. L. Taylor, G. W. Friedley, E. D. Pearson* and —— *Friedley,* for appellant.

*J. R. East,* for appellees.

MORRIS, C.—The appellant, who was the plaintiff below, commenced this suit against the appellees to restrain them, as officers of the town of Ellettsville, from collecting a certain tax.

It is stated in the complaint, that the town of Ellettsville, by its assumed and pretended officers, claimed and pretended to be a municipal corporation, organized under the act of the Legislature of the State of Indiana, approved June the 11th, 1852; that John J. Harris, Samuel B. Harris and William Hanna, appellees, are assuming to act as trustees of said town; that Columbus Wires, George W. Houston and Alonzo Falkner are assuming to act respectively, as clerk, treasurer and marshal of said town; that said pretended municipal corporation is represented as being in Monroe county, Indiana, but that no such corporation was ever organized, as provided in sections 1, 2, 3, 4, 5, 6 and 7 of said act; that no accurate survey and map were made of the territory to be embraced within the limits of such pretended town or municipal corporation, when the taxes hereinafter mentioned were levied, and attempted to be collected from the property of the plaintiff.

The complaint then states: "And the pretended board of trustees did not, before the third Tuesday in May, determine the amount of the general tax for the current year as required by section 30 of said act. And your petitioner further represents, that the pretended authorities of said pretended town are now attempting to collect said illegal tax, amounting to $57.75, by distress and sale of the petitioner's property, and will sell the same if not restrained and enjoined by the court; that said tax is illegal, oppressive and void."

The plaintiff prays for a restraining order, a perpetual injunction, and for general relief.

The complaint was verified. A temporary restraining order was granted in vacation.

At the following term of the Monroe Circuit Court, the appellees appeared and demurred to the complaint. The demurrer was overruled. They then answered in one paragraph. The answer stated, that immediately upon the return of the township assessor of Richland township, in which the town of Ellettsville is situate, and the returns of all the assessors of Monroe county, in which said town was located, and immediately after the equalization of said assessment by the board of equalization, one Columbus Wires, who was the duly elected and acting clerk of the town of Ellettsville, on the — day of June, 1880, transcribed from the assessor's book of said Richland township, as it then appeared in the auditor's office of said county; that said assessment, so transcribed by said clerk, was duly placed on the tax duplicate of said town; that the same was a full and accurate list of all the taxable property of said town. It is further alleged, that the assessment so transcribed was, by the defendants acting as trustees of said town, ordered and declared to be the assessment of said town for the year 1880. Wherefore they demand judgment.

The appellant demurred to the answer. The demurrer was overruled, and, the appellant declining to plead further, final judgment was rendered for the appellees.

The grounds upon which the appellant objects to the tax are: 1st. That the town of Ellettsville was not organized according to the 1st, 2d, 3d, 4th, 5th, 6th and 7th sections of the act of 1852; 2d. That the board of trustees of the town did not determine before the third Tuesday in May the amount of the general tax for the current year.

The appellant does not, in argument, seriously object to the tax on the first ground. He says: "We do not think it necessary to argue whether, under the allegation of the complaint, the alleged municipal corporation was ever a *de facto* corporation, or whether the rule recognizing the acts of a *de facto* corporation as valid will extend to injunction proceedings instituted by a member or a part of the corporation." This part of the complaint is unanswered.

It is not averred in the complaint at what time the town of Ellettsville attempted to organize as a corporation under the law of 1852. This law had been in force for more than twenty-five years before the commencement of this suit. Under the law, the town of Ellettsville might have become a valid corporation. It is shown by the complaint to have attempted to organize as a municipal corporation under this law, and it is plainly inferable from the facts stated in the complaint, that it had been exercising corporate powers. How long it had been exercising such powers, is not stated; it may have been acting in good faith as a corporation, levying and collecting taxes, for more than twenty years, for aught that appears in this complaint. Construing the complaint fairly, we may presume that it had been acting as a corporation for many years. Under such circumstances, its right to so act can not be collaterally questioned. Irregularities in the organization of a corporation may be waived by the public, and in such case a private person at least, can not question the existence of the corporation. *White* v. *State*, 69 Ind. 273; Angell and Ames on Corporations, section 70. Besides, the territorial limits of the town may have been accurately defined by the user, or any inaccuracy in the survey and map of its territory may have been cured by the continued exercise of jurisdiction over its territories for a quarter óf century. The exercise of corporate powers over a place for twenty years, with knowledge on the part of the public, is conclusive evidence of a charter or of a corporation by prescription. *Bow* v. *Allenstown*, 34 N. H. 351; *Bassett* v. *Porter*, 4 Cush. 487; *Robie* v. *Sedgwick*, 35 Barb. 319; Dillon on Municipal Corporations, section 51; *Sherwin* v. *Bugbee*, 16 Vt. 439; *Smelser* v. *Wayne, etc., Co.*, *ante*, p. 417. We think that the allegation in the complaint, that no accurate survey and map of the territory embraced by the town had been made, does not show that the tax had been illegally assessed, and that the answer is bad because it fails to negative this part of the complaint. The averment does not exclude the idea that an imperfect survey and map

may have been made. Inaccuracies in the survey and map might be cured by user, and, in view of the facts stated in the complaint in this case, will be presumed to have been so cured.

The complaint does not state in what year the tax complained of was levied. Nor is it directly averred that any tax upon any specified or described property of the appellant was ever levied by the appellee. It may be inferred from the statement in the complaint, that "the pretended authorities of said pretended town are now attempting to collect said illegal tax, amounting to $57.75, by distress and sale of petitioner's property," etc., that a tax had been levied by the appellee upon the appellant's property, but in what year can not be determined inferentially or otherwise.

The answer alleges that, for the year 1880, the clerk copied the township assessor's list of the taxable property of Ellettsville, and that the same was adopted by the trustees of the town, placed upon the duplicate and declared to be the assessment of the town for the year 1880.

If we assume, as we may consistently with the pleading, that this was the assessment and levy complained of, it was not void for the reason that the board of trustees of the town of Ellettsville did not determine the amount of the general tax for the current year, before the third Tuesday in May, 1880. The word "determined," as used in act of 1852, means to assess and levy the tax. *Town of Williamsport* v. *Kent*, 14 Ind. 306.

The act of March the 10th, 1879, which took effect upon its passage, and was in force in the year 1880, abolished the office of assessor in incorporated towns, and provided that thereafter the assessment of personal and real property, as made and returned by the township assessors to the county auditor, as now provided by law in cities and incorporated towns, shall constitute the assessment for taxation for city and town purposes. It also provides that the town clerk shall have access to the assessor's books in the auditor's office,

and that he shall transcribe therefrom, on the tax duplicate, an accurate list of the taxable property assessed in each town, as it appears to have been equalized by the county board of equalization, and thereupon compute the tax levied by the town.    Acts 1879, p. 15.

By this act, the time for determining the amount of the general tax for the current year is extended, by necessary implication, so as to give the officers of the town a reasonable time to examine and copy the assessor's books after the county board of equalization shall have equalized the assessments.    The answer, therefore, shows that the tax for the year 1880, was not void because the amount was not determined prior to the third Tuesday in May.    The answer was good enough for the complaint.

The complaint does not show that any assessment had been placed upon the duplicate of the town, nor that the duplicate had been placed in the hands of the proper officer for collection.    For the want of such averments it was radically defective.    *Pugh* v. *Irish*, 43 Ind. 415; *Brown* v. *Herron*, 59 Ind. 61; *Mullikin* v. *City of Bloomington*, 72 Ind. 161.    As the answer was good enough for the complaint, there was no error in overruling the demurrer to it.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.