## No. 9185.

### CITY OF NEW ORLEANS vs. BROOKS, CONNER & NORTON.

Municipal ordinances are not required to be read *in full.* Where the law directs that they be offered at a regular meeting and they are thus offered and laid over to the next regular meeting, and then again called and laid over to a future fixed day, which is an adjourned regular meeting, and a continuation of the former ones, and are adopted within the time prescribed, they will become final in the absence of a motion to reconsider, and are obligatory when promulgated by the municipal executive.

An ordinance relative to licenses, adopted in December, 1881, previous to a State law on the same subject, passed in January, 1883, is valid, though it prescribes different amounts.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

---

*J. Ward Gurley* and *H. G. Morgan* for Plaintiff and Appellee.
*R. Shackelford* for Defendants and Appellants.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a writ for the recovery of a license of $500 from the defendants, for conducting the theatre business in this city for the year 1882.

4

The defense is: That the ordinance under which the license is claimed, is illegal and unconstitutional, on the grounds: *First*, that it was not passed in the *mode* and at the *time* fixed by law; and *second*, that it is in excess of the license assessed by the State on the same business.

From an adverse judgment, the defendants have appealed.

I

It is first contended that the ordinance was not *read* in the Council at a regular or at any other meeting; that the only formality observed was to introduce it, to read its title and lay it over; that at a subsequent meeting, the ordinance was rushed through, a reconsideration immediately moved, and that it is not until long after, in January following, that it was finally passed.

It is claimed that section 28 of the city charter of 1870 requires the *reading* of all ordinances levying a tax, not only when offered, but also at the subsequent meeting, when adopted.

The facts are: That Tuesday is the day of the regular meetings of the Council; that on Tuesday, December 20, 1881, on which was held a regular meeting, an ordinance was offered, entitled "An Ordinance to levy and collect and enforce payment of an annual license tax upon all persons, association of persons and corporations pursuing any trade, profession, calling or business, except those who are expressly exempt from such tax by Articles 206 and 207 of the Constitution;" that it was read by its title and laid over; that at the next regular meeting, December 27, the same ordinance was likewise read and laid over; that, at an *adjourned regular meeting*, on Saturday, December 31, the same ordinance was adopted; that the member who had offered it, gave notice that he would ask a reconsideration, in due time; that he did not move for such reconsideration; that the ordinance, with the yeas and nays, was promulgated by the Mayor as adopted, on the 31st of December, 1881.

The objection that the ordinance was not *read*, cannot hold.

No doubt the charter provides that such ordinances shall be read, but it does not direct that they shall be read *in full*.

"Reading" means, "the act of making known the contents of a writing, or of a printed document." Bouvier Law Dict. vo. Reading.

The Constitution of 1868 which was in force when the city charter of 1870 was enacted, merely provided, as a rule for the General Assembly, that bills, to have the effect of law, should be read on three several

City vs. Brooks, Conner & Norton.

days in each house. It did not say, that the bills would have to be read *in full*, even once. Art. 42. How then can it be inferred that when the legislature gave the charter, and directed the reading of ordinances levying taxes, it entered in the legislative mind, to require a reading *in full*. Surely such a formality could have been imposed, but it was not exacted. Had the legislature designed it to be observed, it would have formally prescribed strict compliance therewith. Such rules of procedure must be clearly and unequivocally exacted, or else they are not to be invoked, and non-observance is venial.

A reference to Article 37 of the Constitution in force shows that, as the convention intended that hereafter bills should not become laws unless after being read *once in full*, it expressed itself unambiguously on the subject by requiring a reading *in full*, in explicit terms.

The rule is no doubt well settled, that when the law prescribes the mode in which powers delegated to corporate authorities of municipal bodies are to be exercised, the mode constitutes the measure of the power and is to be pursued. Abbott on Corp., p. 487; Dillon on Mun. Corp., vol 1, p. 362, § 246, 2d ed.

Had the city charter required a reading *in full*, a different case would be presented.

Reading by the title, and such a comprehensive one, as was done in the case at bar, is deemed a substantial compliance with the law. It is not besides to be supposed that it was not read in full at least once before its final adoption. The importance of such an ordinance repels such an assumption.

## II

It is next charged that the ordinance was adopted at an improper time. It was offered at a regular meeting and laid over. It was called at the next regular meeting and again laid over, and it was adopted at a subsequent *regular adjourned meeting*.

Dillon in his work on Mun. Corp., p. 339, Sec. 225; says that a regular meeting may adjourn to a future fixed day and that at such meeting it will be lawful to transact any business which might have been transacted at the stated meeting, of which it is, indeed, but the continuation.

It is not correct to say that a reconsideration of the ordinance assailed in this case was moved. The proceedings only show that the member who had offered it gave notice of his intention to move for such. In the absence of such motion, as an actuality, the ordinance

which had by law to be passed *in December*, was finally adopted on the thirty-first of that month, and became law.

The ordinance having followed the budget and the required publication of it, and having been passed within the time prescribed by law, is therefore valid and binding. Abbott on Corp. 495 (138); 14 Ind. 306.

The ordinance adopted on January 12, 1882, purporting to amend that passed in December previous, has not altered the section or provision, under which the license herein sued for is imposed and sought to be collected.

### III

The last ground of resistance, viz: That the license asked by the city under the ordinance, adopted in December, 1881, is in excess of that imposed by the State, in January, 1882, rests upon the unreal and deceptive foundation that the ordinance was passed *after* the law had been enacted. This is not so. The ordinance had been adopted the year *previous* to that on which the law was passed.

Were this last objection considered as extending further, it would not avail, confronted with the ruling of this Court in the case of New Orleans vs. Vergniole, 33 A. 35, since several times recognized and applied

Judgment affirmed.