Filed Dec. 31, 1885.

<hr />

No. 12,340.

## Kratli et al. *v.* Larrew et al.

Town.—*Taxes.—Time of Levy.—Statute Construed.—Amendment by Implication.*—Section 3348, R. S. 1881, in force since August 17th, 1855, requiring the board of trustees of an incorporated town to determine the amount of general tax for the year before the third Tuesday in May, is amended by implication by section 3262, R. S. 1881, in force since March 10th, 1879, and such tax may be determined within a reasonable time after the adjournment of the county board of equalization. See sections 6389 and 6398, R. S. 1881.

Same.—The words "determine the amount of general tax for the current year," as used in section 3348, R. S. 1881, mean the final determination of the board as to the amount, assessment and levy.

From the Starke Circuit Court.

*A. I. Gould* and *W. A. Foster*, for appellants.

*J. D. McLaren*, for appellees.

HOWK, J.—In this court the appellants, Kratli and the town of Knox, the defendants below, have assigned errors upon the record of this cause which call in question the conclusions of law stated by the trial court upon its special finding of facts.

The facts found by the court were in substance as follows:

1. On the 20th day of December, 1883, the plaintiffs were the owners of the property mentioned in the complaint, and had possession thereof.

2. On said 20th day of December, 1883, one Sylvester Bertram, marshal of the town of Knox (defendant), took such property from the plaintiffs, under a precept or warrant then in his hands, for the purpose of collecting certain corporation taxes against the plaintiffs that appeared by the tax-list of such town for the year 1883 to be due, but delinquent and unpaid.

3. The said marshal, after taking such property in custody, placed the same in the care of the defendant Kratli to be fed and taken care of until it should be sold to pay such taxes.

4. On the 21st day of December, 1883, the plaintiffs brought their action in replevin against the defendant Kratli for the possession of such property, said Kratli having failed to deliver such property to plaintiffs, on demand before suit brought, and a writ of replevin was issued and placed in the hands of the sheriff of Starke county.

5. The same day the sheriff took such property, by virtue of the writ of replevin, and the defendants herein, within twenty-four hours, executed and delivered to such sheriff the proper bond, entitling them to retain possession of the property, which they did, until the 31st day of December, when such property was sold by the marshal of the defendant, the town of Knox, to pay the taxes aforesaid.

6. The property replevied was worth, the day it was replevied, eighty-five dollars in the market.

7. The plaintiffs used the mare in question as a livery animal at the time she was taken from them, and to them she had a particular value by reason of her excellence for such purpose, and was worth to them the sum of $125.

8. The corporation taxes for the town of Knox, for the year 1882, to enforce the payment of which the property was taken by the marshal of the defendant, the town of Knox, were not levied, laid or assessed, on or before the third Tuesday in May of that year, but were levied and assessed after that time, to wit, on the 27th day of May, 1882.

Upon the foregoing facts the court stated the following conclusions of law:

1. The levy and assessment of the corporation tax of the town of Knox for the year 1882 is and was illegal and void.

2. The process, under and by virtue of which the marshal of the defendant, the town of Knox, took such property, was irregular, illegal and void, and the levy and taking by such marshal was unlawful and void.

3. The property mentioned and set out in the complaint was the property of the plaintiffs at the time of the issuing of the writ and commencement of this suit, and they were entitled to the possession thereof.

4. The property was of the value of $85 at the time of the commencement of this suit.

5. The plaintiffs should recover from the defendants the value of the mare, to wit, $85, together with six per cent. interest thereon from December 20th, 1883, together with the sum of $11 damages, in all the sum of $108.22.

As the contrary was not found by the court in this case, we assume that the appellant, the town of Knox, was incorporated under the general law of this State for the incorporation of towns. *Town of Brazil* v. *Kress,* 55 Ind. 14. In section 3348, R. S. 1881, of this general law, in force since

August 17th, 1855, it is provided as follows : " The board of trustees shall, before the third Tuesday in May of each year after the town shall have been incorporated, determine the amount of general tax for the current year; but the tax for the year in which the town is incorporated may be determined, at any time, by the board of trustees." This section of the statute was considered by this court in *Town of Williamsport* v. *Kent,* 14 Ind. 306, where, after setting out the section, the court said : "As we construe the provision to which we have referred, the words ' determine the amount of general tax for the current year,' mean the final determination of the board as to the amount, assessment, and levy of taxes for the current year. And this construction being correct, it follows that the board had no power to order the assessment and levy, in this case, after the third Tuesday of May." The case cited was approved and followed in *Huntsman* v. *City of LaPorte,* 15 Ind. 357, and in *Clark* v. *Town of Noblesville,* 44 Ind. 83.

At the time the cases cited were decided, the general law of this State for the incorporation of towns provided for the election of an assessor in each incorporated town, and made it the duty of such assessor to assess all property liable to taxation in such town, and to make return of his assessment roll to the board of trustees, " on or before the second Tuesday in May of each year." 1 R. S. 1876, p. 882, section 31. In section 3262, R. S. 1881, in force since March 10th, 1879, it is provided, however, that " The office of assessor * * * in incorporated towns in this State shall be abolished, and the assessment of personal and real property, as made and returned by the township assessors to the county auditor, as is now provided by law, * * * in incorporated towns shall constitute the assessment for taxation for * * town purposes, in like manner as for county and State taxes. And the * * town clerks shall have access to the assessor's books in the county auditor's office, and they shall transcribe, therefrom, on

their tax duplicates, an accurate list of the taxable property assessed in each * * * town, as it appears to have been equalized by the county board of equalization, and thereon compute the taxes levied by the * * town authorities."

But, under section 6389, R. S. 1881, the township assessors are not required to return their assessment lists or books to the county auditor " before the first Monday of June annually ;" and, under section 6398, R. S. 1881, the county board of equalization is required to " meet, for the purposes of equalization, at the room of the county commissioners, in the court-house of each county, on the first Monday of June, annually."

It will be readily seen that the necessary effect of section 3262, above quoted, is to so amend by implication the provisions of section 3348, *supra*, as that the board of trustees of an incorporated town may, within a reasonable time after the adjournment of the proper county board of equalization in each year, " determine the amount of general tax for the current year." It was so held by this court in *Worley* v. *Harris*, 82 Ind. 493, and a re-examination of the question has led us again to the same conclusion.    For the reasons given we are of opinion that, upon the facts specially found, the trial court erred in its conclusions of law.

The judgment is reversed, with costs, and the cause is remanded, with instructions to the court to set aside its conclusions of law, and, in lieu thereof, to find for appellants, the defendants below, as its conclusion of law, and render judgment accordingly.

Filed Nov. 17, 1885; petition for a rehearing withdrawn Jan. 20, 1886.