WILLIAM K. W. HANSON *vs.* LUDLOW MANUFACTURING
COMPANY.

Hampden.   September 26, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Due Care — Master and Servant — Obscure Danger in
Machine — Duty of Master to warn Ignorant Servant.*

The plaintiff, in an action for personal injuries, who was a boy seventeen years
old, was sawing boxwood logs into blocks about one inch and a quarter thick,
and some of the logs were so large that the saw would not entirely sever
them; these logs he took from the table by moving them transversely upon
it behind the saw until he could bring them forward, when with a hatchet he
detached the partially severed block; a log which he was thus manipulating
behind the saw touched it, and was thrown suddenly forward, carrying his hand,
which fell upon the saw, and he received the injuries complained of.   The evi-
dence tended to show that he had had but little experience in cutting the blocks;
and that this method was approved by his foreman.   *Held*, that it could not be
said, as matter of law, that in using this method the plaintiff was not in the
exercise of due care.

While the general danger of contact with a circular saw in operation is obvious,
the particular danger arising from the liability of the saw suddenly and forcibly
to so throw upward and forward objects which touch it in the rear that they
may fall upon the front of the saw is an obscure danger, of which it is the duty
of a master to give warning if he has reason to suppose that a servant set at
work upon such a saw is ignorant of it; and in an action for personal injuries
caused by such movement of the saw it may be a question for the jury whether
the servant was so ignorant of this danger that the master ought to have warned
him of it.

TORT, for personal injuries sustained by the plaintiff while
operating a circular saw in the defendant's employ.   Trial in
the Superior Court, before *Fessenden*, J., who, at the defend-
ant's request, ruled that the plaintiff was not entitled to recover,
and directed the jury to return a verdict for the defendant;

and the plaintiff alleged exceptions. The facts appear in the opinion.

*J. M. Ross*, for the plaintiff.

*F. H. Gillett & W. W. McClench*, for the defendant.

BARKER, J. The particular danger of which the plaintiff contends that he should have been warned arose from the fact that objects which come in contact with the rear of a circular saw when it is in operation may be suddenly and forcibly thrown upward and forward. The saw teeth, which at a given instant are just above the table at the back of the saw, have a rapid upward and forward motion, which tends to carry with them objects which they touch, and such objects may be so thrown as to fall upon the front of the saw. The plaintiff was sawing boxwood logs into blocks about one inch and a quarter thick, and some of the logs were so large that the saw would not entirely sever them. These he took from the table by moving them transversely upon it behind the saw until he could bring them forward, when with a hatchet he detached the partially severed block. A log which he was thus manipulating behind the saw touched it, and was thrown suddenly forward, carrying the plaintiff's hand, which fell upon the saw and was hurt.

While there may have been other and perhaps safer ways of doing his work, the evidence tended to show that he had but little experience in cutting the blocks, and also that this method was approved by his foreman, and we cannot, as matter of law, say that in using it the plaintiff was not in the exercise of due care.

The general danger of contact with a circular saw in operation is of course obvious. But the particular danger by which the plaintiff was hurt is not one which is apparent. The saw teeth move with such velocity that they are indistinguishable. Objects which come in contact with the front of the saw in its ordinary use are not thrown upward, but by its action are held in contact with the table. The fact that objects which touch the opposite side of the saw will be affected in a different manner, and one attended with danger, although easily understood from explanation and readily learned by experience, is not of itself plain and obvious, but is one of those obscure dangers of which an employer should give warning if he has reason to

suppose that a workman who may encounter it in his work does not know of this action of the saw, and is ignorant of this particular danger. The plaintiff was of sufficient age and experience to understand and appreciate all the obvious dangers of his work. He was seventeen years and three months old, had carried sawdust in a Swedish saw-mill when twelve years of age, and was familiar with machinery, having been employed for more than two years in the defendant's mills as a spare hand in the weave-room and otherwise, and for four months he had worked in the room where he was hurt, much of that time sawing boards upon the table on which this saw was, and using it in sawing boards, and he had been sawing the boxwood logs for a day and a half when the accident occurred. But there was no direct evidence that his previous work had required him to move objects back of the saw, or that he had before seen such operations; and he testified that no one had told him of this particular danger, that he did not know of it, and that he was ignorant that if he hit the saw with the log as he moved it on the table behind the saw, the log might be thrown, and his hand thrown off it, and be liable to fall upon the saw. He also said that he did not like to draw the log back of the saw, and that he was afraid of the saw all the time, and afraid he should be hurt. While he could not contend that he did not know that his hand would be injured by contact with the saw, nor that he was engaged in work that he did not know was more than ordinarily dangerous, there was room for the jury to find that he did not voluntarily place his hand upon the saw, and that he was ignorant, and in the exercise of due care and forethought might not have known that the log, if it hit the saw, might carry his hand upon it. If the case had been left to the jury, they might perhaps have well found, from all the evidence, that, notwithstanding his denial, he did know of the action of the saw upon objects touching it in the rear, or that, in the exercise of reasonable diligence, he should have known it. But it cannot be said that there was no other reasonable inference from the evidence, and it was a question for the jury whether the defendant ought to have warned him of this danger.

We do not discuss the question whether a breach of the

defendant's duty to use due care to furnish safe machinery was shown, as the principles of law to be applied upon that branch of the case are well settled, and the evidence at a new trial is not likely to be identical with that now stated.

*Exceptions sustained.*