128   261
d134   43
d134   44

128   261
139   362
139   698

MARGARET WOOLF, Appellee, v. THE NAUMAN CO., Appellant.

Master and servant: CONTRIBUTORY NEGLIGENCE: PRESUMPTION OF
1   DUE CARE. Where there is no direct evidence as to the circumstances of a personal injury a presumption of due care on the part of the one injured exists which the jury may consider. Under the evidence the question of plaintiff's negligence was properly submitted.

Assumption of risk: EVIDENCE. Under the evidence the question
2   of whether deceased assumed the risk incident to the operation of a circular saw without a hood or guard was properly submitted to the jury.

Negligence of master: "FACTORY ACT." The act of employing a
3   child under 16 years of age to operate an unguarded circular saw, in violation of the "Factory Act" of the 29th General Assembly, is not relieved of its negligent character simply because notice of the danger of the employment was not given the employer by the bureau of labor as provided in said act.

Assumption of risk: INSTRUCTION. In an action for the death of
4   a boy under 16 years, employed to operate an unguarded circular saw, it was not reversible error, in view of the "Factory Act" of the 29th General Assembly, to charge that it was incumbent on the defendant in support of its plea of assumption of the risk, to show that deceased was possessed of sufficient knowledge and experience to appreciate the danger of his employment.

Appeal from Blackhawk District Court.— HON. A. S. BLAIR, Judge.

TUESDAY, JUNE 6, 1905.

ACTION at law to recover damages for the death of plaintiff's minor son, alleged to have been caused by the defendant's negligence. Judgment for plaintiff, and defendant appeals.— Affirmed.

Mullan & Pickett, for appellant.

*Boies & Boies,* for appellee.

WEAVER, J.— The defendant corporation is the proprietor of a mill or factory at Waterloo, Iowa, in which doors and certain other building materials are made or prepared for the trade. Among the employés in its service on September 12, 1902, was plaintiff's son Loren Woolf, then about 14 years of age. The boy being engaged in using or operating a circular saw cutting boards into suitable sizes for door panels, one of the boards was in some manner caught upon the back part of the saw and thrown forward with great violence against his person, inflicting an injury from which, a day or two later, death ensued. The defendant was charged with negligence in permitting said Loren Woolf to engage in such dangerous work, in failing to provide him a safe place to work, in providing unsuitable and improper tools and appliances for the work being done, and in failing to properly guard or shield the saw to prevent accidents of the kind from which the boy received his fatal injury. The defendant denies all charges of negligence, and alleges that the deceased contributed to his injury by his own negligence, and further pleads that he voluntarily engaged in the defendant's service with full knowledge and appreciation of all the matters and things charged as negligence on its part, and thereby assumed the risk of injury. We will consider the questions raised by the appellant in the order of their statement in the brief of counsel.

I. It is first contended that the deceased lad was guilty of contributory negligence, and therefore plaintiff is not entitled to a verdict. While there was testimony from which a finding of negligence on part of the deceased could be upheld, we are very clear that under the record as a whole the question was one for the jury. The age of the boy was such that we cannot, as a matter of law, hold him to

1. MASTER AND SERVANT: contributory negligence; presumption of due care.

the exercise of the judgment or caution which might well be expected of one of mature years. It is also shown that he had not been accustomed to or previously employed in this particular service. Moreover, at the moment of the injury, he was not being observed by any witness, and the manner in which the board came in contact with the saw, and the agency, if any, of the deceased in bringing it about, are matters of which no witness is able to speak of his own knowledge. Under such circumstances there is a presumption of due care on part of the deceased, which the jury was entitled to consider. *Reynolds v. Keokuk,* 72 Iowa, 372; *Hopkinson v. Knapp,* 92 Iowa, 328; *Baker v. R. R.,* 95 Iowa, 171; *Dalton v. R. R.,* 104 Iowa, 26; *Mynning v. R. R.,* 64 Mich. 93 (31 N. W. 147, 8 Am. St. Rep. 804); *McBride v. R. R.,* 19 Or. 64, (23 Pac. Rep. 814); *Hendrickson v. R. R.,* 49 Minn. 245, (51 N. W. 1044, 16 L. R. A. 261, 32 Am. St. Rep. 540); *Cassidy v. Angell,* 12 R. I. 477, (34 Am. Rep. 690); *Johnson v. R. R.,* 20 N. Y. 65, (75 Am. Dec. 375); *R. R. Co. v. Landrigan,* 191 U. S. 474, (24 Sup. Ct. 137, 48 L. Ed. 262.) It was for the jury to consider the nature of the work in which the boy was engaged, his age and experience, the obviousness or otherwise of the danger, and all the other circumstances disclosed concerning the accident, and the way in which it appears to have been brought about; and with the finding that he was exercising such degree of care for his own safety as could reasonably be required at his hands we are not disposed to interfere.

II. Considerable evidence was admitted upon trial bearing upon the question whether reasonable care on part of the defendant required the saw with which deceased

**2. ASSUMPTION OF RISK: evidence.** was at work to be hooded or otherwise guarded to avoid injury to those working about it. Appellant takes the position that, even if this question be found against it, the defect or

omission was a fact open and obvious to the most casual inspection, and that the deceased, by voluntarily remaining in such employment, assumed the risk of injury. Counsel have cited us to many cases holding that the mere fact that the injured employé is a minor does not prevent the application of the rules as to assumption of risk as against a demand on his part for the recovery of damages. For the purposes of the case this contention may be admitted, but such admission is not decisive of the appeal. " The doctrine of the assumption of risk involves two elements — knowledge of the defect, and an appreciation of the danger." *Stomne v. Hanford Produce Co.,* 108 Iowa, 140, and cases there cited. We may take it for granted that deceased knew the saw was not provided with a hood or guard, but whether he realized or appreciated the danger, if any, from such an accident as that from which he suffered is not so well established as to deprive it of its quality or character as a jury question. In making this inquiry, as in the matter of contributory negligence, the age and experience of the injured are entitled to consideration. *Shebeck v. Cracker Co.,* 120 Iowa, 418; *Newbury v. Mfg. Co.,* 100 Iowa, 455; *Sachau v. Milner,* 123 Iowa, 387. Had the boy brought his hand in contact with the saw, and thereby been maimed, there might have been some basis of reason for insisting that the danger of such injury was so clear and obvious, even to the inexperienced comprehension, that he should be held chargeable with negligence or with assumption of such risk as a matter of law; but the danger that a board happening to fall or strike upon the rear of the saw would be caught and thrown upward and forward with death-dealing force is a much less obvious peril, one which might well require some degree of experience, even in an adult, to fully appreciate. *Hanson v. Mfg. Co.,* 162 Mass. 187, (38 N. E. 363); *Chopin v. Paper Co.,* 83 Wis. 192, (53 N. W. 452); *Kucera v. Lumber Co.,* 91 Wis. 637, (65

N. W. 374). There was no error of which defendant can complain in submitting the question of assumption of risk to the jury.

III. By an act of the Legislature (Laws 29th General Assembly, page 107, chapter 149), commonly known as the "Factory Act," certain duties are imposed upon em-

**3. NEGLIGENCE OF MASTER: "Factory Act."** ployers looking to the health, comfort, and safety of employés working with or about dangerous machinery. Among other things, it is provided in section 2 (page 108) of said act that: "All saws, planers, cogs, gearing, belting, shafting, set screws and machinery of every description therein, shall be properly guarded. No person under sixteen years of age, and no female under eighteen years of age, shall be permitted or directed to clean machinery while in motion. Children under sixteen years of age, shall not be permitted to operate or assist in operating dangerous machinery of any kind." Section 4 of said chapter makes the following provisions concerning its enforcement: "It shall be the duty of the commissioners of the bureau of labor of the State, and the mayor, and chief of police of every city or town, to enforce the provisions of the foregoing sections. Any person, whether acting for himself or for another, or for a copartnership, joint stock company or corporation, having charge or management of any manufacturing establishment, work shop or hotel, who shall fail to comply with the provisions of said sections, within ninety days after being notified in writing to do so, by any one of said officers whose duty it may be to enforce the provisions of said sections, shall be punished by a fine not exceeding one hundred dollars, or by imprisonment in the county jail not exceeding thirty days."

The appellee relies upon this statute as making the omission by defendant to guard the saw, and its act in employing a boy of the age of deceased in operating such saw, negligence *per se*. In avoidance of the point thus

made, appellant argues that, as the only penalty for failure to obey its command is found in section 4, and as such penalty may be imposed only after notice or warning given by an officer mentioned in said section, and as there is no proof of such notice prior to the accident complained of, the appellant was under no obligation to comply with the statute, and its provisions cannot be considered in the disposition of this appeal. This construction involves a strained and unnatural interpretation of the language of the act, and its adoption by us would practically destroy the efficiency of the law. Even if the statute had wholly omitted to provide a penalty for its infraction, its command would still be obligatory upon all the people of the State, and disobedience thereto would be a misdemeanor punishable under Code, sections 4905, 4906. The evident purpose of the act is to provide protection for life and limb of the employé and it would be a most anomalous rule which would permit the proprietor of dangerous machinery to go on doing the forbidden act with impunity until some officer sees fit to call his attention to the duty which the Legislature has imposed upon him. *Mosgrove v. Kimbleman Coal Co.,* 110 Iowa, 169; *Rose v. King,* 49 Ohio, 213 (3 N. E. 267, 15 L. R. A. 160.) In our judgment, the obligation of the appellant to obey the law was in no manner dependent upon the notice mentioned in section 4 of the act, and failure to observe the same was negligence *per se.* *Ives v. Welden,* 144 Iowa, 476; *Burk v. Creamery Package Co.,* 126 Iowa, 730.

But counsel say that, conceding this proposition, the doctrine of assumption of 'risk is still applicable. As applied to an adult, who voluntarily enters and remains in a service which he knows is not regulated or conducted according to law, we have held the employé to the rule contended for by counsel. *Martin v. R. R.,* 118 Iowa, 148. But we think the case before us does not come within the authority of this precedent. The statute which we

are now considering is not a mere regulation as to the manner in which appellant's business shall be carried on. It is an absolute prohibition of the employment in such labor of any boy of the age of the deceased, and public policy would seem to demand that the statute which undertakes to protect children against the hazards to which the recklessness and inexperience of childhood expose them shall not be defeated of its purpose by pleading that same childish recklessness or ignorance as a reason for exempting an employer from responsibility for his own wrong.

Whether this statute operates to create a conclusive presumption that a child under 16 years of age is too immature to be permitted to assume a risk of the prohibited kind is not presented by the record before us, and we prefer to leave it an open question until a case arises directly involving that proposition. The trial court adopted a theory which goes no further than to hold, if, indeed, it goes that far, that, deceased being less than 16 years old, it was incumbent upon the appellant, in order to make good its plea of assumption of risk, to show that he was possessed of the intelligence, knowledge, and experience to recognize and appreciate the dangers of the employment in which he was engaged, and that this was a question of fact for the jury, and not of law for the court. Of this holding it seems to be very plain that the defendant cannot complain, and the plaintiff has not appealed. Even without the statute, the defense of assumption of risk of the employé's negligence is an affirmative one, which the employer must sustain by a preponderance of the evidence. This burden is in no manner increased by the instructions given by the court, which, as we have already noted, gives no effect to the statute as applied to the plaintiff's claim, unless it be to make the capacity of the deceased to understand and appreciate the dangers of his employment more peculiarly a question for the jury than would be

4. ASSUMPTION OF RISK: instruction.

the case without such enactment. If there be any error in this view of the law, it consists in limiting too narrowly the scope and meaning of the statutory provision, and therefore could work no prejudice to the appellant. As applied to an adult person who knowingly engages in a business in which the statutory regulations are not observed, the New York court has adopted the rule approved by us in the Martin Case, *supra*. See *Knisley v. Pratt,* 148 N. Y. 372 (42 N. E. 986, 32 L. R. A. 367.) It refuses, however, to apply that rule to a child whose employment is expressly forbidden by the statute. In an action to recover damages for an injury to a child within the terms of the prohibition the court says:

It is thus apparent that the knowledge and capacity of the infant, his judgment, discretion, care, and caution, and his ability to know and appreciate the dangers that surround him, even prior to the adoption of the labor law, were questions of fact for the jury. We do not regard the case of *Kinsley v. Pratt,* 148 N. Y. 372 (42 N. E. 986, 32 L. R. A. 367), as controlling upon the question. In that case the plaintiff was upwards of 21 years of age, and her faculties had fully matured. She consequently was held to have assumed the risks of the employment. In this case the plaintiff was under the age required by the statute, and he had not arrived at that period in life in which the judgment, discretion, and caution of persons ordinarily become mature. It has been said of the last century that it was the age of invention. Machines had been devised and constructed with which very many of the articles used by mankind were manufactured. Numerous factories had been established throughout the country, filled with machines, many of which were easily operated, and the practice of employing boys and girls in their operation had become extensive, with the result that injuries to them were of frequent occurrence. We think it is very evident that these reasons induced the Legislature to establish definitely an age limit under which children shall not be employed in factories; and, to our minds, the statute in effect declares that a child under the age specified presumably does not possess the judgment, discretion, care and caution necessary for the engagement in

such a dangerous avocation, and is therefore not, as a matter of law, chargeable with contributory negligence, or with having assumed the risks of the employment in such occupation.

Marino v. Lehmaier, 173 N. Y. 530 (66 N. E. 572, 61 L. R. A. 811). To give this statute any less effect than is here indicated is to deprive it of all substantial value as a measure of protection.

Other exceptions argued by counsel, so far as they are pertinent to the appeal, are governed by the conclusions already announced, and require no further consideration in this opinion.

We find no reversible error in the record, and the judgment of the district court is *affirmed.*