JENNIE BROMBERG, Appellant, v. EVANS LAUNDRY COMPANY, Appellee.

**Master and servant:** NEGLIGENCE: STATUTES. A female under the age of eighteen years engaged in removing soiled muslin from the rollers of an ironing machine, while the same are in motion, and in replacing clean sheeting, is held within the provisions of section 4999b, Code Supplement 1902, prohibiting direction to such an employé to clean moving machinery.

**Same:** PLEADING. Directing a female under the age of eighteen years to clean moving machinery is negligence *per se,* under the Statute; and a petition alleging that at the time of her injury plaintiff was under eighteen years of age and defendant negligently allowed her to do such work, is broad enough to permit an application of the Statute without a specific reference thereto.

**Same:** ASSUMPTION OF RISK. Under section 4999b, Code Supplement 1902, a female less than eighteen years of age is presump-

tively incapable of appreciating the dangers arising from the operation of machinery and will not be held to have assumed the risk incident thereto, unless the employer affirmatively shows that she had sufficient capacity to appreciate the risk, and this is a question of fact for the jury.

*Appeal from Pottawattamie District Court.*— HON. A. B. THORNELL, Judge.

MONDAY, APRIL 8, 1907.

ACTION to recover damages for personal injury.    There was a directed verdict and judgment for the defendant, and plaintiff appeals.— *Reversed.*

*Saunders & Stuart,* for appellant.

*Harl & Tinley* and *Green & Breckenridge,* for appellee.

WEAVER, C. J.— At the time in question the defendant company was engaged in operating a steam laundry in the city of Council Bluffs, Iowa, in which establishment the plaintiff, a girl of seventeen years of age, was, and for several months had been, an employé.    A part of the equipment of the laundry consisted of a mangle, or machine for ironing cuffs and collars.    In this device three horizontal rollers or cylinders were employed.    The middle cylinder was of smooth iron or steel surface heated by gas jets in its interior, while the upper and lower cylinders were of larger diameter and had their surfaces padded with several thicknesses of blanket over which were wound smooth muslin sheets. . When the machine was in use the padded cylinders above and below revolved with their surfaces in close contact with the heated cylinder between them, the pressure being adjusted and regulated by the operator.    In practical operation, one employé fed the collars and cuffs into the machine from one side while another employé received them on the other side and fed them back again until the desired pol-

ish was secured.  At intervals of a few days the sheets covering the padded cylinders became soiled and scorched, necessitating their renewal.  When the old cloth had been removed, the end of a new one was pinned in some manner to the blanket padding, and, the machine being put in motion, the sheet was wound around the cylinder.  In doing this it was the duty of the operator to press her hands over the sheet and smooth out the wrinkles in order that the covering should go on evenly.  This work, it is obvious, exposed the person performing it to more or less danger of having her fingers caught and drawn in between the cylinders.  The machine was supplied with no guards or fenders to prevent such accidents.  During the earlier part of her employment by the defendant, plaintiff was not employed upon or about the machine in question, but thereafter had on several occasions assisted in the ironing of collars and cuffs in the manner above described.  She had also on several occasions assisted in removing the soiled covering of the padded cylinders and replacing them with new ones.  On the day in question, February 7, 1903, the plaintiff and another employé, in the line of their duty as operators of this machine, undertook to change the muslin covering on the lower cylinder.  In smoothing the new cover as it was rolled into place the fingers of one of plaintiff's hands were in some manner, which she cannot fully explain, drawn into or caught between the rollers, and before the machine could be stopped her entire arm including the elbow joint was badly crushed and bruised.  By reason of the injury thus received, she was confined to her home for about three months, and the expense incurred for treatment, nursing, and medicine amounted to about $150.  At the time this action was begun plaintiff had arrived at her majority, and had taken an assignment from her father of his claims on account of her injury and of the loss and expense which he had thereby sustained.

The petition charges the defendant with negligence (1) in permitting or causing the plaintiff to engage in a work

for which by reason of her youth and inexperience she was wholly unfitted; (2) in providing for plaintiff's use a machine without guards or fenders to prevent injuries of this nature to its operators; (3) in failing to provide plaintiff a safe place to work, or suitable tools and appliances with which to do the work; (4) in carelessly and negligently ordering the plaintiff to operate said machine while she was of the age aforesaid, and too young and inexperienced to realize the dangerous character of such machine or of the work in which she was engaged; and (5) in failing to instruct plaintiff how to operate the machine or to point out its dangerous character.   The defendant denies all negligence on its part, and alleges that the risks of the employment, including the work in which plaintiff was engaged when injured, were open and obvious and were assumed by her.   The evidence tended to show the state of facts hereinbefore recited.   At the close of plaintiff's case, defendant moved for a directed verdict in its favor on the following grounds:   (1) That no actionable negligence had been shown on part of the defendant; (2) that the risk of injury of which plaintiff complains was assumed by her in her contract of employment; and (3) that it is affirmatively shown that plaintiff fully understood how to operate the machine, and the risk thereof was incident to the work she undertook to perform.   This motion was sustained, and judgment entered accordingly.   Plaintiff's motion for a new trial was also overruled.

I.   As the ruling sustaining the motion to direct a verdict was general, we are required to consider whether it may be sustained upon either of the grounds assigned.

The first in order was the proposition that the evidence is insufficient to support a finding of negligence on part of the appellee.   Passing other phases of this question, the appellant argues that the act of the appellee in permitting plaintiff to perform the work in which she was engaged when she received her injury constitutes a violation of the statute, Code Supp.

1. Master and Servant: negligence: statutes.

1902, section 4999b, and was therefore negligent *per se.* This statute provides, among other things, that every owner, agent, superintendent, or other person in charge of a manufacturing or other establishment where machinery is used shall, if possible, provide such machinery with loose pulleys; properly guard all saws, planers, cogs, gearings, beltings, shaftings, set-screws, and machinery of every description; and shall neither permit children under sixteen years of age to assist in operating dangerous machinery, nor permit or direct any female under the age of eighteen years to clean machinery while in motion. To this contention it is objected first that plaintiff was not at the time of the accident engaged in cleaning the machinery. We do not think the objection well taken. The testimony of the plaintiff was to the effect that after being used for a while, the surface of the padded rollers would become scorched and dirty, rendering it necessary to remove the muslin surface cloth and put on a new one in order to avoid soiling the collars and cuffs which were being ironed. Now, if the surface of the middle of unpadded roller had become soiled by adhering starch or other foreign substance tending to injure the quality of the work produced, and plaintiff had undertaken to remedy such condition by applying a sponge or scraper to the face of such roller while in motion, it would hardly be contended that she was not in the strictest sense of the word " cleaning " the machine. We are unable to see in what material respect the work in which she was in fact engaged differs from that mentioned in the illustration. In the one instance the soiling material is deposited directly upon the surface of the roller, and in the other upon the surface of the sheet with which the roller is covered; and the sponging or scraping in the former case, and the putting on of a new sheet in the latter, are but different methods of accomplishing a like result, the cleaning of the machine.

Appellee further objects that the claim made in the petition is not broad enough to call for an application of the

statute to which we have referred.   In stating her cause of

2. SAME: plead-   action, the plaintiff's petition makes no direct
.ing.   .        or specific reference to the statute, and it is
very possible in drawing it the pleader did not have that
provision in mind; but we are inclined to the view that
the facts pleaded are such as bring the case within the scope
of the statute, and that, therefore, it is not material what
view of the law counsel may have entertained in framing
the declaration.   He did allege in substance that plaintiff
was at the date in question under 18 years of age, and that
defendant was negligent in allowing her to do such work, and
this we hold a sufficient allegation of actionable negligence
under the statute.   The plaintiff, being under the prescribed
age limit, the act of the appellee in directing or allowing her
to clean the machinery while in motion was negligence *per se.*
*Burk v. Creamery Co.,* 126 Iowa, 734.

II.   Does the record justify the court in holding as a
matter of law that plaintiff had assumed the risk of the in-
jury which she sustained?   The answer to this question de-

3. SAME: assump-   pends very largely upon the effect to be given
tion of risk.      to the statute already referred to.   Neither of
the cases cited by counsel for appellee (*Martin v. R. R.
Co.,* 118 Iowa, 148; *Woolf v. Nauman Co.,* 128 Iowa, 261,
is directly in point.   The *Martin* case was based upon al-
leged negligence of the defendant in violating a city ordi-
nance fixing a speed limit for trains within the corporate
limits, and it was there held that the plaintiff, a man of
adult years and an experienced brakeman, by continuing in
the employment of the company with full knowledge of its
habitual violation of the ordinance, and himself taking part
in the operation of such train, had assumed the risk of in-
jury thereby created.   The court there calls attention to the
fact that the ordinance in question was general in its nature,
and the decision based thereon is therefore not controlling
as to the application and effect of a statutory prohibition or
regulation enacted for the protection of a particular class

of employés.   In the *Woolf* case the injured person was a minor within the protection of the factory act, and we held that the violation of its provisions was negligence *per se;* but the record was such as to make it unnecessary to decide whether, under any circumstances, such person could be held to have assumed the risk, and we expressly refrained from passing thereon.

It seems very clear to our minds that a distinction exists between a statute or ordinance enacted for the protection of the public generally and one, the primary purpose of which is to regulate or control the relations between employer and employé, and that a rule which would be clearly just and reasonable as applied to the former may not be so when applied to the latter.   Especially is this true where the Legislature has designated or set apart a specific class of persons as being presumably incapable of exercising the judgment and care requisite to their reasonable safety, and forbidding absolutely their employment in certain specified lines of hazardous labor.   This distinction was recognized by us in the *Woolf* case, where we said:   " The statute is not a mere regulation as to manner in which appellant's business shall be carried on.   It is an absolute prohibition of the employment of any boy of the age òf the deceased, and public policy would seem to demand that the statute which undertakes to protect children against the hazards to which the recklessness and inexperience of childhood expose them shall not be defeated of its purpose by pleading that same childish recklessness and ignorance as a reason for exempting an employer from responsibility for his own wrong."   Nor is this court alone in refusing to apply the doctrine of assumption of risk to an infant employé in a service which the statute prohibits, even though it be held applicable to an experienced adult who engages or continues in an employment with full knowledge that his employer habitually violates a statutory regulation enacted to secure or promote the safety of those engaging therein.   For example, the courts of New York

have adopted to its fullest extent the rule affirmed by this court in the *Martin* case, *supra.*  *Knisley v. Pratt,* 148 N. Y. 372 (42 N. E. 986, 32 L. R. A. 367).  Without in any manner overruling that precedent, the same court has since held that where an employer violates a statute which prohibits the employment of young persons in certain kinds of labor, and the boy or girl receives an injury in such service and brings suit for the recovery of damages, the court cannot say as a matter of law that the plaintiff is chargeable with either assumption of risk or contributory negligence. *Marino v. Lehmaier,* 173 N. Y. 530 (66 N. E. 572, 61 L. R. A. 811).  After discussing the apparent reasons which induced this legislation, the court says:   " To our minds the statute in effect declares that a child under the age specified does not possess the judgment, discretion, care, and caution necessary for the engagement in such dangerous avocation, and is therefore not as a matter of law chargeable with contributory negligence, or with having assumed the risks of the employment."  The record in that case is parallel with that in the case at bar.  The trial court having held that proof of the employment of the plaintiff while within the age limit fixed by statute, and his injury in such employment, did not make a *prima facie* case for recovery of damages, the judgment of nonsuit was reversed on appeal. So, also, construing a statute less rigid than ours, the Supreme Court of Minnesota, which accepts the rule of the *Martin* case, in its application to adult plaintiffs, relying upon this violation of a statutory regulation as constituting negligence, lays down the rule that proof of a violation of a statutory prohibition in the employment of a boy or girl followed by injury to him or her in such employment makes a *prima facie* case for the recovery of damages, and that in such showing the court cannot hold the plaintiff chargeable as a matter of law with contributory negligence, or with having assumed the risk of such injury.  *Perry v. Tozer,* 90 Minn. 431 (97 N. W. 137, 101 Am. St. Rep. 416).

The doctrine of assumption of risk is based upon the theory that the employé knows and appreciates the danger to which he is exposed, and, with such knowledge and appreciation, voluntarily elects to continue in the dangerous employment. If the statute in question has any justification, it is upon the theory that persons of immature years are incapable of properly appreciating the danger and protecting themselves against it. The State has a direct interest in the life, health, and safety of every individual citizen, and does not hesitate when the occasion requires to interfere for the protection of the weaker and less capable against the consequences of their incapacity. *Holden v. Hardy,* 169 U. S. 366 (18 Sup. Ct. 383, 42 L. Ed. 780). Unless we are to deprive the statute of all effective force, we cannot do less than apply to it the rule of these precedents, and hold that a person within the age limit thus fixed is presumptively incapable of recognizing or appreciating the danger attending this prohibited employment. It leaves open to the employer to show affirmatively, if he can, that the injured person, notwithstanding he or she was within the protected age, was yet in fact of sufficient capacity, strength, and judgment to recognize and appreciate the risks attendant upon that kind of labor, or arising from the known negligence of the employer, or that by a failure to exercise the degree of care which a person of his or her age, experience, and capacity ought to exercise, he or she contributed to the injury of which complaint is made. Whether the showing thus made overcomes the statutory presumption is for the jury and not for the court to determine.

Adopting this view, we are compelled to hold that the trial court erred in directing a verdict for the defendant. The case must be remanded for a new trial.

The judgment appealed from is *reversed.*