John Sachau, (by ·Henry Sachau, His Next Friend), Ap-
.. pellee, v. J. H. Milner & Company, Appellants.

**Master and Servant:**   CONTRIBUTORY NEGLIGENCE:   INSTRUCTIONS.
1 · In an action for injuries received by a minor, an instruction
that plaintiff's age, inexperience, and neglect of the master
to warn him of the danger incident to his employment could
be considered on the issue of contributory negligence, was
correct.   ·

**Negligence:**   INSTRUCTION.   Where there is evidence that plaintiff
2  was not familiar with the danger of his place of work and
that the saw from which he was injured was somewhat ob-
scured, the court would not say as a matter of law that he
must be held to have appreciated the danger.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE,
Judge.

SATURDAY, MARCH 19, 1904.

ACTION at law to recover damages for personal injury.
· Verdict and judgment for plaintiff for $1000, and defendants
.appeal.—*Affirmed.*

*W. J. Keefe* and *Tom H. Milner* for appellants.

*R. C. Langan* and *T. W. Hall* for appellee.

PER CURIAM.—Defendants are the proprietors of a fac-
tory in the city of Clinton, and at the time of the accident
the plaintiff, a boy of about thirteen years of age, was em-
ployed therein. Plaintiff was at that time engaged in carry-
ing pieces or strips of wood from a table or bench in which a
·circular saw was used. In some manner he came in contact
with the saw, receiving an injury resulting in the loss of a
hand. For this injury damages are claimed, based on a
charge of negligence in the defendants in not providing plain-
tiff a safe place to work, in not properly covering or protect-

ing the saw to prevent such accidents, and in placing the
plaintiff at such dangerous work without proper instruction
or warning.

I.    It is said the court erred in instructing the jury that
they could consider the age, intelligence, and experience of
the plaintiff in passing upon the alleged negligence of de-

1. CONTRIBUTORY fendants and his own want of contributory neg-
negligence:
instruction.    ligence.    Counsel concede the rule stated would
be correct if plaintiff had been required to operate the saw,
but insist that, in the absence of such requirement, the rule
is inapplicable.    We think the distinction is unwarranted.
Defendants admit that the work at which plaintiff was then
employed required him to reach his hand within thirteen or
fourteen inches of the saw; and if, by reason of his youth
and inexperience, he did not appreciate the danger in a near-
er approach, and he was placed there, as claimed, without
proper instruction or warning, it would seem both reasonable
and in accord with sound principle to allow the jury to
consider such facts upon the question of negligence.    Coun-
sel's repeated statement that it is admitted or not denied that
plaintiff was duly instructed by the defendants or their fore-
man is a mistake.    Plaintiff does admit that he was told how
to carry the strips, but distinctly denies that his attention
was called to the saw, or that he was warned of the danger in
getting too near it.    Whether such instruction was given was
therefore a question for the jury.

Exception is also taken to the ninth instruction, because,
among other fact elements surrounding the question of de-
fendants' negligence, the jury were permitted to find wheth-

2. NEGLIGENCE: er plaintiff did or did not know that a saw was
instruction.    being used at that place, and, if he did not,
whether the saw was so surrounded and obscured by accumu-
lated sawdust and piles of material that it was not open and
obvious to plaintiff's observation.    Appellants assume, as the
foundation of this objection, that the facts present a case
where the court may say, notwithstanding plaintiff's denial,
he must have seen the saw, and, as a reasonable person of his

years, must be held to have appreciated the danger. But this, we think, cannot be done upon the record before us. While defendants contend, and offer evidence tending to prove, that plaintiff had frequently been employed at the same work, and knew of the location of the saw, and had been warned of the danger, the evidence on part of plaintiff is to the effect that he had worked at that bench but once before, and, if the jury believed this to be true, we think it would be going much too far for the court to say, as a matter of law, that an inexperienced boy of a dozen years, in a comparatively strange place, under such circumstances and amid such surroundings, may not reasonably have failed to note the proximity of the saw, or to appreciate the danger to which he exposed himself in reaching his hand too near it. See *Hill v. Gust,* 55 Ind. 49. The instruction was not erroneous.

It is further urged that the verdict could not have been found had the jury given proper attention to other paragraphs of the instructions, but this is only another phase of counsel's persistent assumption that the evidence conclusively shows no ground on which a finding of negligence by defendants or want of contributory negligence by plaintiff can be justified. As noted in the following paragraph of this opinion, we reach a different conclusion.

II. Argument for appellant is addressed very largely to the sufficiency of the evidence to sustain a finding in plaintiff's favor. Our view on this question has necessarily been foreshadowed in disposing of the exceptions taken to the charge of the trial court to the jury. It cannot be questioned that the law casts upon employers the duty of giving proper warning and instruction to young and inexperienced persons who are set to work with or in close proximity to dangerous machinery, and to see that the place in which such persons are employed shall be maintained in a reasonably safe condition. *Shebek v. Cracker Co.,* 120 Iowa, 414. The material inquiry in the case before us is whether that duty was fairly observed by defendants, and, if not, whether plaintiff, without negli-

3. INEXPERI-ENCED employes' duty of master; verdict.

gence on his own part, was thereby injured. Concerning these facts there was a marked dispute between the witnesses testifying in behalf of the respective parties, and we cannot say the verdict is without support. Plaintiff's father swears that defendants promised to give the boy light work at a safe distance from dangerous machinery. The boy himself swears that his regular work was outside of the factory, and that he was not familiar with the duty to which he was called at the time of his injury, and that the danger was not made known to him. It was for the jury to say which theory of the facts was the true one. The case is not complicated with the doctrine of the master's nonliability for the negligence of fellow servants. Neither party has appealed to this rule, nor was it made a matter of consideration in the court's charge. The facts to be found were fairly submitted to the jury, and the record discloses no prejudicial error.

The judgment of the district court is AFFIRMED.