## Siegel, Cooper & Company v. Frank Trcka, by his next friend.

### Gen. No. 11,402.

1. NEGLIGENCE—*what is actionable, where several concurring causes result in injury.* Negligence to be actionable need not be the sole or immediate cause of the injury, nor the nearest in point of time, if it clearly appears that (without the fault of the plaintiff) but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events.

2. NEGLIGENCE—*what is actionable, where the acts of several parties concur to the injury of another.* Where one is injured by the concurring negligence of two different parties, each is, and both are, liable, and they may be sued separately or jointly.

3. ASSUMED RISK—*what is not.* Where a servant at the time he entered the employ of his master did not know of a particular defect from which his injury subsequently resulted, he cannot be said to have assumed the risk unless he subsequently and prior to his injury learned of such defect, appreciated its dangerous character, and, notwithstanding, remained in the employ of his master without complaint; but

where it appears that he gained knowledge of the defect, it is a question for the jury to determine whether he appreciated the danger arising therefrom.

4. ASSUMED RISK—*what may be considered in determining question of.* In determining whether the plaintiff appreciated the danger arising from a faulty construction, his age, capacity and experience must be considered, and employees of tender years are entitled to instruction from their employers as to the particular perils which may confront them in the course of their employment.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed June 30, 1904.

ALBERT E. DACY, for appellant.

A. M. JOHNSON, CHARLES VESELEY and BEACH & BEACH, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

This is an action by appellee to recover damages for injuries received while in the employ of the appellant. During the year 1901 appellant carried on a department store which occupied eight floors of a building in the city of Chicago. It operated an elevator therein for the use of its employees. At the fourth floor the opening into the shaft, up and down which this elevator traveled, was through a wall some ten inches thick. There was no door to the elevator cage. The door at this opening was on the outside of the wall, so that when the elevator was opposite this opening there was an unprotected space, not a part of the cage, the size of the opening and of the depth of ten inches. October 25, 1901, appellee, then fourteen years of age, and in the employ of the appellant, upon a proper errand, entered the ascending elevator through this opening, and the operator closed the door and started the car. At that moment appellee stood facing this opening, standing back from the edge of the car from one and one-half to two and one-half feet. As the car proceeded a boy about fourteen years of age, also an employee of appellant, who was behind appellee, seized appellee by the shoulder and

threw him off his balance, so that he fell to the floor of the car, and his right foot, extending out into this opening, was caught between the floor of the ascending car and the lintel of the opening and injured.

Upon the trial the jury found the issues for appellee and assessed his damages at the sum of $1,500. From the judgment entered upon this finding the present appeal was perfected.

Appellee had been ordered to use this elevator in passing from one floor of the building to another, and had always done so. The act of the boy in throwing appellee down was not in the line of his employment, and no negligence upon the part of the person in charge of the elevator is alleged, and therefore the question of fellow-servant is not here involved.

The trial court committed no reversible error in the admission or in the exclusion of evidence. Nor is there any error in the giving or in the refusing of instructions.

There was no negligence upon the part of appellee which contributed to his injury.

It is said that appellant could not anticipate the happening of such an accident as is here in question. If the cage was crowded with passengers, the probability of one of them being forced beyond the line of the cage when this recess was reached, might reasonably be expected.

The jury were justified by the evidence in finding that the construction of this opening into the elevator shaft was faulty, improper and dangerous; so that if a passenger, not an employee, had been hurt thereby under circumstances similar to those in this case, the liability of appellant would be undoubted.

It will be noted that appellee was not injured by this defective construction only. The negligence of the boy who threw appellee down was the first cause in point of time. The existence of this unguarded opening (unguarded to the depth of ten inches beyond the doorway of the car) is next in point of time. The concurrence of these two negligences injured appellee. Negligence, to be actionable,

Siegel, Cooper & Co. v. Trcka.

need not be the sole or immediate cause of the injury, nor the nearest in point of time, if it clearly appears that (without the fault of the plaintiff) but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events. 4 Wait's A. & D., 718, 719. Had appellee not been thrown down, or had the door been on the inside of this opening next the car, he would have escaped harm. The rule is that where one is injured by the concurring negligence of two different parties, each is and both are liable, and they may be sued jointly or separately. This rule is applied in Village of Carterville v. Cook, 129 Ill. 152. In that case the plaintiff, a boy, while in the exercise of ordinary care for his own safety, in passing along a sidewalk in Carterville was shoved off the walk by another boy at a point where it was elevated six feet above the ground and was unprotected by a railing or other guard and thereby plaintiff was injured. In an action brought against the village it was held liable for damages, notwithstanding the fact that the primary cause of the plaintiff's injury was the negligent act of the other boy. See, also, McGregor v. Reid, 178 Ill. 470; N. C. St. Ry. Co. v. Dudgeon, 184 Ill. 477, 488.

But it is said that appellee knew how this opening was protected, and therefore he assumed the risk of its negligent construction, under the rule that the servant who knows the machinery furnished for his use by the master is dangerous, and with that knowledge, without complaint, goes on with its use until he is injured, cannot hold the master liable, for he has assumed the hazard. Upon this point appellant cites, among other cases, Browne v. Siegel, Cooper & Co., 191 Ill. 226, where a boy aged nineteen years, in semi-darkness walked into an open elevator door, the construction of which he well knew. The case is not in point here for the reason that there the plaintiff by his carelessness contributed to his injury. The Supreme Court, after reciting the plaintiff's acts of negligence, say: "We are of the opinion that the jury must have found, from his prior

knowledge, not only that he had assumed the danger, but that at the time of the accident he was guilty of such negligence as materially contributed to his injury."

In Beidler v. Branshaw, 200 Ill. 425, where the construction of the elevator door was similar to the door in this case, the court reversed a judgment for the plaintiff, a man of mature years, saying (p. 430): * * * " the sole cause of the injury was that the deceased stood so near the north end of the floor of the car that his heel projected over the edge thereof and was caught between the edge of the car and the lintel as the car reached that point in its ascent." Appellee did not know of this defective condition of the elevator when he entered the service of appellant, and therefore he did not contract to assume that risk. But he learned of such defect, and after he had that knowledge he continued in the employment. If, knowing it, he appreciated its dangerous character, then he took upon himself the risk of injury therefrom, and the defense of appellant is complete. In such case the exercise of the highest degree of care upon the part of appellee will not create a liability upon the part of appellant. Knowledge by appellee unaccompanied by an appreciation of the danger will not absolve the defendant. The maxim applicable is not " *Scienti non fit injuria,*" but is " *Volenti non fit injuria.*" Whether appellee had such appreciation is a question of fact for the jury upon all the evidence in the case.

The evidence is undisputed that appellee at the time of his injury was about fourteen years of age, and had been in the employ of appellant for two months only. A boy of that age may be so inexperienced and his judgment so immature that he may not appreciate a danger which threatens him; and he will more readily follow the directions of his employer or foreman in the presence of such a danger than would an employee of mature years. Chicago Drop Forge Co. v. Van Dam, 149 Ill. 337, 342. In determining whether or not appellee appreciated the danger arising from this faulty construction, his age, capacity and experience must be considered. The general rule concerning the assump-

tion by the servant of the ordinary hazards of the employ- ment is modified in the case of " young persons of in- experience and immature judgment, who are not capable of fully understanding and appreciating the perils to which they are exposed. They are entitled to recover for injuries which result from such perils, unless they have been in- structed how to avoid them. Employers owe it as a duty to such inexperienced servants to point out the dangers of which they themselves have or ought to have knowledge, and to give such warnings as may lead to the avoidance of injury by the exercise of reasonable care. More especially should this duty be performed where the danger and the means of avoiding it are not apparent or fully within the comprehension of the servant." Pressed Brick Co. v. Rein- neiger, 140 Ill. 334, 337. In other words, employees of tender years are entitled to be put in possession of that knowledge which, to adults, comes from experience and mature judgment. Herdman H. M. Co. v. Spehr, 145 Ill. 329, 334. The evidence does not show appellee was told that it was dangerous to use this elevator, nor was its de- fective condition pointed out to him. On the contrary, the evidence is such that the jury would have been justified in finding that his foreman had ordered him to use this ele- vator and no other while in the building.

Whether or not appellee knew and appreciated the danger arising out of this faulty construction of the entrance to the elevator shaft, and, by continuing in the employment without complaint, assumed the risk of injury therefrom, was a question of fact to be determined by the jury upon consideration of all the evidence in the case. The learned trial judge submitted this question to them under proper instructions as to the law governing the case, and they de- cided it in favor of appellee. We are satisfied with that finding, and we therefore affirm the judgment of the Superior Court.

*Affirmed.*