[No. 5144.]
[No. 2736 C. A.]

## DANIELS v. JOHNSTON, AN INFANT, ETC.

1. **Master and Servant—Injuries to Servant—Servant of Tender Years—Negligence.**

The defendant, operating a department store, employed the plaintiff a girl of fourteen years of age, as a cash girl, and she was injured by the fall of the door to a freight elevator while entering it under the direction of the head of her department. The evidence was conflicting as to the capacity of plaintiff to apprehend the danger incident to riding on this elevator, and as to whether the elevator was suitable for carrying passengers. Held, that it was proper to submit to the jury the question of whether the plaintiff, considering her age, intelligence and experience, knew and appreciated, and had the capacity to apprehend, the danger incident to using this elevator.—P. 185.

2. **Same—Duty of Employer.**

It is the duty of an employer of young persons to take notice of their apparent age, ability and capacity, and to use ordinary care to protect them, and such things are factors to be considered in measuring the employer's liability for injuries to the servant.—P. 186.

3. **Same—Measure of Care.**

In an action for injuries received by a girl of fourteen years while entering her employer's freight elevator in the discharge of her duties, as bearing both upon the question of contributory negligence of the servant and the negligence of the master, in so far as concerns the latter's duty to furnish a reasonably safe means of transit, the age, intelligence, experience and capacity of the plaintiff are factors that bear directly upon the measure of care to be exercised by both of them; for while a child in a given case is required to use the same degree of care which children of like age and experience would take in similar circumstances, the law does not necessarily exact of infants the same degree of care that it does of persons of mature age and experience. —P. 186.

4. **Appellate Practice—Refusal of Instructions—Harmless Error.**

In an action for injuries received by a girl of fourteen years while entering her employer's freight elevator in the discharge of her duties, caused by the falling of the elevator door, the court instructed that the jury must not presume negligence from the accident; that the risk of all obvious and open dangers in riding on this elevator was assumed by the plaintiff, even though she

was a minor, and the defendant was not obliged specially to warn or instruct her of dangers of this character; that even though defendant was negligent in requiring her to use this elevator, yet if the exercise of ordinary care upon her part could have avoided the danger, she could not recover; that it was immaterial that plaintiff may not have understood or appreciated the danger, if any, of using the elevator, for the test of law is not actual understanding or appreciation, but the capacity to understand or appreciate; that the alleged dangers were just as open and obvious to plaintiff as to defendant; that a minor assumes the risks of a given service the same as an adult, and the mere fact of minority does not necessarily, of itself, impose upon the master any other or greater degree of care with respect to the minor than would be upon him had the servant attained full age; that it is the immaturity of mental and physical faculties and capacity which is incident to some minors, but not to all, and not the mere fact of minority, which the master must have special regard for; and where, in a given instance of minority, this immaturity is wanting, the minor stands upon the plane of adults. Held, that from such instructions the jury must have understood that the mere fact of minority was no ground for plaintiff's recovery, and that it did not relieve her of responsibility for her own, or impose liability upon the defendant for his negligence; and hence defendant was not prejudiced by the refusal of instructions on contributory negligence and assumption of risk which omitted the element of age, experience and understanding.—P. 187.

5.  Master and Servant—Injuries to Servant—Concurrent Negligence of Master and Fellow-Servant.

Where an injury to a servant is the result of concurring acts of negligence, one that of a fellow-servant, the other that of the master, the plaintiff has a ground of recovery against either or both.—P. 188.

6.  Appellate Practice—Failure to Assign Error—Matters Not Discussed in Brief.

Where error has not been properly assigned and has not been argued in the brief, such question is not before the appellate court for consideration.—P. 189.

*Appeal from the District Court of Arapahoe County.*
*Hon. P. L. Palmer, Judge.*

Action by Lydia M. Johnston, an infant, by Mrs. Mary J. R. Johnston, her next friend, against Wil-

liam Cooke Daniels. From a judgment for plaintiff, defendant appeals.                                   *Affirmed.*

Messrs. WOLCOTT, VAILE & WATERMAN and Mr. WM. N. VAILE (Mr. WM. W. FIELD and Mr. THOS. J. LEFTWICH, of counsel), for appellant.

Messrs. WATTERS & KENDALL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, an infant, by her next friend, brings this action to recover damages for personal injuries which she claims were sustained as the result of negligent acts of the defendant. From the complaint and the evidence produced by plaintiff which tended to prove its averments, the following facts appear:

Defendant, who conducts a department store in the city of Denver, employed plaintiff, a girl fourteen years old, as a cash girl. She was not hired to operate an elevator on which she was hurt, and it was no part of her duty to give the same any attention. The building in which the business is carried on has five stories and a basement. At the time of the injury, plaintiff's station was on the fourth floor where she was subject to the orders of the head of a department. One of her tasks, when a purchase was made, was to carry the articles from the fourth floor to the basement, where they were wrapped, and then to return the package to the customer. The means of transit or passage from one floor to another were the ordinary stairways and three elevators, two constructed for carrying passengers, one for freight.

The children employees were required to use the stairways unless permission, evidenced by passes from heads of the respective departments, were given to use the freight elevator; and, if passes were given,

such use could be made. As the plaintiff was obliged to make many trips a day, she did not have time or strength, as was known to the defendant, to perform the services demanded of her by using the stairways, and hence was permitted and required, and on this particular occasion directed, by the head of her department, who had authority and power to control her movements, to use the freight elevator.

Plaintiff averred she was then fourteen years old, and had not reached the years of discretion and judgment, and did not possess the intelligence and experience fully to understand the danger of going upon the freight elevator, but relied upon her employer and his superintendents and agents, who had authority over her; that in the performance of her duty, while she was attempting to enter the elevator, the door of the same fell and struck her on the head, causing the injuries complained of; that such injuries were caused by defendant's failure to furnish a reasonably safe and suitable elevator for carrying passengers, and especially children of her age, and to keep it in good repair; and by reason of such acts of negligence, and the further negligent failure of the defendant to promulgate proper and reasonable rules for using the elevator, she received these injuries without fault upon her part.

Evidence was introduced by defendant tending to uphold the answer, which consisted of a general denial and two separate affirmative defenses, one contributory negligence of the plaintiff, the other negligence of a fellow-servant. The verdict of the jury was for the plaintiff, and judgment was entered accordingly, from which defendant has appealed.

The trial court, believing there was no evidence that the elevator was out of repair, and that the defendant's duty to promulgate rules and its breach thereof had not been established, withdrew these two

specifications of negligence from the jury, and, as to defendant's negligence, submitted the case upon the sole question of his alleged failure to furnish an elevator with a reasonably suitable mode of entrance thereto.

The defendant has devoted much of his brief to demonstrate that, under the facts and the law applicable thereto, the plaintiff cannot rely upon her minority, or defendant's duty (or breach thereof) to warn her of the danger incident to the work, or his failure to employ competent fellow-servants, or to keep the elevator in repair.   As the plaintiff does not rely on a failure of defendant to warn, or to employ competent fellow-servants, and as the court withdrew from the consideration of the jury the issues as to the want of repair and failure to make rules, such discussion, without reference to the pertinent evidence introduced and instructions given on these issues, is irrelevant.   It is true that plaintiff alleged in her complaint that she was a minor, and did not have sufficient intelligence or experience or capacity to appreciate the danger in making use of the freight elevator, but she does not on this review, nor did she below in her evidence, or in the instructions asked or given, claim that the rule which applies to her is different from that which is applicable to any other person of the same age, experience and intelligence, hence the abstract discussion as to the mere fact of minority is likewise irrelevant.

The only errors properly assigned, and the only questions of material importance properly before us, concern the negligence of the defendant, plaintiff's contributory negligence and assumption of risk, negligence of plaintiff's fellow-servant, which defendant claims caused the injury, and the instructions refused and given bearing upon the same.   All these questions may be considered together.

1.   In its charge to the jury, the court instructed them as to the duty of the master to furnish a reasonably safe and suitable means of transit for his servants to pass from floor to floor in the performance of their work, and his liability for a failure therein if it directly and naturally caused the injury; and also as to the care which the law requires of a servant to avoid danger, and the consequences of his failure in that respect.

The elevator, which was built to carry freight, not human beings, and the condition, weight and operation of the door, suspended by weights and working up and down like a window, instead of horizontally, were fully described to the jury by witnesses for both parties.   As already stated, there was evidence which tended to show that it was not suitable and fit for the use which the plaintiff was required to make of it, and that such defect directly contributed to the injury.   So, also, was there evidence tending to establish the general denial and the affirmative defenses in the answer.

Though the defendant says there was no evidence at all of his negligence, the particular fault which he finds with these instructions is not on the ground that they are inapplicable to plaintiff's evidence—assuming there was any tending to prove that issue—but that they incorrectly state the law in the clauses wherein the jury were told that, in passing upon such issue and the contributory negligence of the plaintiff, they might consider as a pertinent circumstance her age, experience and intelligence.   The defendant's contention in these particulars is illustrated by the specific instructions which he asked the court to give, and which were refused.

One of those tendered was the ordinary one of contributory negligence applicable to an adult.   Another was that if the condition of the elevator was

obvious to plaintiff, or might have been by the exercise of reasonable care on her part, she assumed the risk; but both omitted the element of age, experience and understanding. Other instructions tendered told the jury that an infant fourteen years of age, in the absence of clear proof to the contrary, is presumed in law to have sufficient capacity to recognize and avoid danger.

It will thus be seen that the defendant asserted that at what age an infant's responsibility for his own negligence will be presumed to commence is a question of law for the court, and that an infant fourteen years of age of average intelligence, in the absence of clear proof to the contrary, is presumed to be *sui juris* and responsible for his acts, the same as an adult.

It is also the defendant's contention that the duty of a master to furnish safe machinery, or, as here, a reasonably safe transit for his servants in doing their work, is in no degree dependent upon their age, experience or intelligence. The three cases chiefly relied upon are *Nagle v. A. V. R. R. Co.,* 88 Pa. St. 35; *Tucker v. Railroad Co.,* 124 N. Y. 308; and *Sanborn v. Railroad Co.,* 35 Kan. 292.

The *Nagle case* was where the plaintiff, a boy fourteen years old, was injured while rashly attempting to cross a railroad track immediately in front of a locomotive without either stopping, looking or listening for its approach. It is well known that in Pennsylvania and other states the courts have decided that one must stop, look and listen for approaching trains before crossing a railroad track, else he will conclusively be presumed to be guilty of contributory negligence. The facts of the *Nagle case* may have justified the decision, for the court said there was no competent evidence at all tending to overcome the presumption of law that that plaintiff both

knew and fully appreciated the particular danger of crossing a railroad track immediately in front of a locomotive without observing the necessary precautions. The *Tucker case* was of the same nature, and followed the doctrine of the *Nagle case*. The *Sanborn case* applied that doctrine to the case of a boy nearly eighteen years old, of considerable experience, who was directed to oil dangerous machinery.

While it may be, as said in *Street Ry. Co. v. Sherman*, 25 Colo. 114, that, "There must be some age when a minor, who has not attained his legal majority, will be held responsible for his acts, and when, by reason of his age, the question of his responsibility for such acts becomes one of law, and not of fact." The court added, quoting from the *Nagle case*, "The law fixes no arbitrary period when the immunity of childhood ceases and the responsibility of life begins." And it was also said that the law "imposes upon minors, not *prima facie sui juris,* the duty of giving such attention to their surroundings and care to avoid danger as may be fairly and reasonably expected from persons of their age"; and upon the authority of 2 Thompson on Negligence 1182, the court also said: "If there is a fair doubt as to the child being of the age and capacity that in law it should be held responsible for the act contributing to its injury, the question should be submitted to the jury to say, by their verdict, whether this is so or not."

In reference to defendant's negligence—and the principle equally applies to negligence of plaintiff—the same view was taken by the supreme court of Pennsylvania in *Kehler v. Schwenk*, 144 Pa. St. 348, decided long after the *Nagle case*, where it was said, quoting from the syllabus: "The plaintiff being between fourteen and fifteen, and the evidence as to whether or not the employment, with the appliances

used, was manifestly dangerous and unsuitable for boys of the plaintiff's age being contradictory, it was not error to leave the question of the defendant's negligence to the jury, under proper instructions.''

Applying the doctrine thus announced by our own court in the *Sherman case, supra,* to the facts of this case, we are of opinion that the trial court was right in submitting to the jury whether the plaintiff, considering her age, intelligence and experience, knew and appreciated, and had the capacity to apprehend, the danger of using this elevator as a means of transit while engaged in the performance of the work for which she was hired. The evidence as to whether this elevator was suitable for the purpose of carrying passengers, and as to whether or not the plaintiff, considering her age and experience, had capacity both to know and appreciate the danger of using the same, was contradictory. She was a bright, intelligent girl, so one of defendant's witnesses said. She testified before the jury, and whether she was above the average girl of her age in the capacity to appreciate the particular danger to which she was subjected was a matter for the jury.

Because the Pennsylvania court, with no evidence whatever before it to rebut the presumption of law there and here invoked, held Nagle guilty of contributory negligence in rashly running across a railroad track in front of an approaching locomotive without any effort to avoid the manifest danger of the act, it by no means follows that, with conflicting evidence before this jury as to the capacity of the appellee to apprehend danger, and as to the unsuitableness of the elevator for carrying passengers, we should hold, as matter of law, that the danger in so using it was obvious and open, which the plaintiff, fourteen years old, had the capacity to appreciate, and did realize. Not mere actual knowledge of, but

capacity to appreciate, the danger is the true test in such cases. An infant fourteen years of age, with no evidence to prove that he was not of average intelligence and experience, might well be held to realize the danger of running across a railroad track in front of an approaching train, and yet not have the ability to appreciate the danger of complying with his master's orders to enter into, and ride upon, an elevator built for carrying freight, whether the danger arose because of faulty construction or negligent operation.

In addition to the cases already cited, the following, some of them elevator cases, are in point, and are in line with the views we have adopted.—*McGregor v. Reid, Murdoch & Co.*, 178 Ill. 464; *Browne v. Siegel, Cooper & Co.*, 191 Ill. 226; *Hill v. Southern Pac. Co.*, 23 Utah 94; *Siegel, Cooper & Co. v. Troka*, 115 Ill. App. 56; *Channon Co. v. Hahn*, 189 Ill. 28; *Cleveland Rolling Mill Co. v. Corrigan*, 20 N. E. 466; *Chopin v. Badger Paper Co.*, 83 Wis. 192; *Sachau v. Milner & Co.*, 123 Iowa 387.

2. That it is the duty of an employer of young persons to take notice of their apparent age, ability and capacity, and to use ordinary care to protect them, and that such things are factors that must be considered in measuring the employer's liability, seem too clear for argument. As bearing both upon the question of contributory negligence of the servant and the negligence of the master, in so far as concerns the latter's duty to furnish, as in this case, a reasonably safe means of transit, the age, intelligence, experience and capacity of children who are required to use the elevator are factors that bear directly upon the measure of care to be exercised by both of them.—1 Shearm. & Redf. on Negligence (5th ed.), § 219 *et seq.; Sachau v. Milner & Co., supra.*

While a child in a given case is required to use the same degree of care which children of like age and experience would take in similar circumstances, the law does not necessarily exact of infants the same degree of care that it does of persons of mature age and experience. The court properly so instructed the jury.

3. We are entirely satisfied that the defendant suffered no prejudice in the refusal of the court to give the instructions which he asked, and in giving the instructions already considered, particularly in view of certain other instructions which the defendant asked and the court gave. Some of them were, to say the least, as favorable to the defendant as he could ask. *Inter alia* the court told the jury specifically that they must not presume negligence from the accident; that the risk of all obvious and open dangers in riding on this elevator was assumed by the plaintiff, even though she was a minor, and the defendant was not obliged specially to warn or instruct her of dangers of this character; that even though the defendant was negligent in requiring plaintiff to use the freight elevator, yet if the exercise of ordinary care upon her part could have avoided the danger, she cannot recover; that it is immaterial that the plaintiff may not have understood or appreciated the danger, if any, of using the elevator, for the test of the law is not actual understanding or appreciation, but the capacity to understand or appreciate. The court even went so far as to say that the alleged dangers of using this means of transit were just as open and obvious to the plaintiff as to the defendant; that a minor assumes the risks of a given service the same as an adult, and the mere fact of minority does not necessarily, of itself, impose upon the master any other or greater degree of care with respect to the minor than would be upon him

had the servant attained full age; that it is the immaturity of mental and physical faculties and capacity which is incident to some minors, but not to all, and not the mere fact of minority, which the master must have special regard for; and where, in a given instance of minority, this immaturity is wanting, the minor stands upon the plane of adults.

Surely, in the light of such instructions, which were favorable to defendant, the jury must have understood that the mere fact of minority was no ground for plaintiff's recovery, and that it did not relieve her of responsibility for her own, or impose liability upon the defendant for his, negligence.

4. The court, in one of its instructions, said that, if the defendant was negligent in the particular specified, and on account of such negligence the plaintiff sustained the injuries without fault on her part, she was entitled to recover, although the negligence of a co-employee may have contributed to the injury. There was no error in this. Indeed, the court, under the evidence, might have disregarded entirely the claim of the defendant that the negligence of a co-employee contributed to the injury, for we do not find that there was any evidence in support of this defense. But the court was clearly right, upon the supposition that there may have been, for the instruction given merely states the undoubted rule that where the injury is the result of concurring acts of negligence, one that of a fellow-servant, the other that of the master, the plaintiff has a ground of recovery against either or both. Particularly is the rule applicable here where the duty of the defendant, which the plaintiff claims was violated, is one of his primary duties which may not be delegated to a subordinate so as to relieve the master from liability if he fails to perform it.

It is clear that upon the controverted issues of

fact the court was right in submitting them to the jury under proper instructions.

5.   At the oral argument, the point was made that the verdict of the jury is excessive.   We do not find that error was properly assigned thereto, or that the same has been argued in the brief.   Such question is not before us.

Perceiving no prejudicial error, the judgment is affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.